### MARKLE et al. v. KIRKENDALL, Internal Revenue Collector.

(District Court, M. D. Pennsylvania. September 27, 1920.)

No. 287.

1. **Internal revenue ⊙⟶28—Collection of tax imposed against corporation after expiration of charter cannot be restrained.**

   Whether a corporation continuing business after the expiration of its charter is conducting the business as a corporation or as a copartnership is a question within the jurisdiction of the collector of internal revenue to determine in assessing the income and excess profits tax, so that the collection of such tax cannot be restrained under Rev. St. § 3224 (Comp. St. § 5947), prohibiting suits to restrain the assessment or collection of any tax.

2. **Internal revenue ⊙⟶28—Distraint of property cannot be restrained, unless exemption from liability is clear.**

   Unless it appears clear beyond doubt that property seized or about to be seized by the collector of internal revenue to satisfy an income and excess profits tax is liable for such assessment, the court will not interfere to restrain distraint and sale, under Rev. St. § 3224 (Comp. St. § 5947), forbidding suits to restrain the collection of a tax.

In Equity. Suit by Alvan Markle and others against Fred C. Kirkendall, Collector of Internal Revenue for the Twelfth District of Pennsylvania. On motion to dismiss the bill. Motion granted, and bill dismissed.

John H. Bigelow, of Hazelton, Pa., for plaintiffs.
R. L. Burnett, U. S. Atty., of Scranton, Pa., for defendant.

WITMER, District Judge. The plaintiffs, Alvan Markle and others, have filed this bill in equity to enjoin Fred C. Kirkendall, collector of

---

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

internal revenue of this the Twelfth district of Pennsylvania, from distraining and selling certain real and personal property in payment of an income and profit tax assessed by him against the Hazelton Manufacturing Company.

The bill alleges that the plaintiffs and numerous other persons are copartners doing business as the Hazelton Manufacturing Company, engaged in the business of manufacturing caskets and coffins, and general planing mill work; that they own certain described real and personal property used in connection with such manufacturing business, and that the defendant collector, claiming that the plaintiffs and associates in business "comprise a corporation and joint-stock association did on March 17, 1919, unlawfully and without legal warrant impose such income and excess profits tax against the Hazelton Manufacturing Company as a corporation; and that on April 15, 1919, the collector and his deputies entered upon their premises and threatened to seize and distrain upon all of plaintiffs' personal property, and to proceed by bill in equity to sell their land owned and held by them as a copartnership in satisfaction of the taxes assessed against the corporation.

The bill further alleges that plaintiffs had tendered a partnership return to the collector, which he unlawfully refused, and that he then levied the tax in suit ex parte, and not in pursuance of any return made by them; that the collector intends to sell their property to pay the tax levied, and that if he does so it will cause them irreparable loss and damage; that plaintiffs have no adequate remedy at law, and they pray for relief.

The defendant has filed a motion to dismiss the complaint for lack of jurisdiction. One of the reasons assigned in support of the motion, and the only one that requires consideration, is that, being a suit to restrain the collection of a tax, it may not be maintained because it falls within the provisions of section 3224, R. S. U. S. (Comp. St. § 5947), which provides that—

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

That a suit can be maintained to restrain the collection of taxes is not questioned. Plaintiffs concede that it may not be done. They insist, however, that taxables are only disqualified from maintaining such suit. For instance, the Hazelton Manufacturing Company, against whom the tax is assessed as a corporation, if a taxable, and being aggrieved, could find redress only by pursuing the provisions of sections 3220, 3226, and 3227, R. S. U. S. (Comp. St. §§ 5944, 5949, 5950), in paying under protest, by appeal, and ultimately by suit at law; yet it is argued it did not apply to the plaintiffs, whose property was being seized for taxes not assessed against them, not being parties to the proceedings, hence being unable to avail themselves of the remedies provided by statute.

Plaintiffs' bill further sets forth that the Hazelton Manufacturing Company was incorporated March 12, 1883, for a period of 20 years, and that by virtue of its limitation contained in its charter of incorporation its corporate existence expired April 12, 1903, and that no action

has been taken since to extend, renew, or revive its charter. It is furthermore insisted that upon the dissolution of the corporation the stockholders became partners, and the property is now theirs, and the business conducted by them as copartners.

[1] Whether the property is owned and the business of the Hazelton Manufacturing Company is conducted by it as a corporation or as a copartnership is the question presented. Whatever may be the ultimate conclusion, it is evident that the collector is proceeding against a person within his jurisdiction, the Hazelton Manufacturing Company, and its property held either as a corporation or as a copartnership. Whichever is the fact need not be decided here. All that need be said is that the matter is in dispute, and it is therefore not clear that the proceeding on the part of the commissioner is an absolute nullity. Unless it clearly so appears, interference by a court of equity will not be sanctioned. As was said in Kissinger v. Bean, Collector, Fed. Cas. No. 7,853:

"If the plaintiff is within a class of persons against whom the commissioner may make assessments, though his proceedings be ever so irregular and erroneous, the court cannot interfere. * * * If by possibility he can be brought within the terms of the law, though the commissioner may have made an erroneous decision in that regard, the proceeding is not void. It is not a nullity, so as to authorize this court to arrest the collection * * * by injunction."

[2] And whatever may be said regarding the assessment against the person applies with equal force to the property against which the collector is proceeding in order to secure the assessment made by him. Unless it appears clear beyond doubt that the property seized or about to be seized is not liable for such assessment, the court will not interfere, since the statute includes the collection of the tax as well as the assessment in its inhibitive mandate. Snyder v. Marks, 109 U. S. 189, 3 Sup. Ct. 157, 27 L. Ed. 901; Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557; Dodge v. Brady, 240 U. S. 122, 36 Sup. Ct. 277, 60 L. Ed. 560.

It may be conceded that in the present case great hardship is imposed by demanding that the assessment be first paid before an action can be brought for its recovery. As much may be said for nearly all cases of this character, however, it is well understood that the court may not interfere with the collection of taxes on the ground of any such consideration, if at all. Mr. Justice Miller, delivering the opinion of the court in State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663, recognizing this fact, says:

"It shows the sense of Congress of the evils to be feared if courts of justice could, in any case, interfere with the process of collecting the taxes on which the government depends for its continued existence. It is a wise policy, [having reference to the provisions of Rev. Stat. § 3224]. It is founded in the simple philosophy, derived from the experience of ages, that the payment of taxes has to be enforced by summary and stringent means against a reluctant and often adverse sentiment; and to do this successfully, other instrumentalities and other modes of procedure are necessary than those which belong to courts of justice."

Realizing that by these means injustice is sometimes done, Congress has provided a complete system of corrective justice in regard to all taxes imposed and collected, founded upon appeals within the executive department, and, if the aggrieved does not obtain satisfaction in this mode, he may have his day in court by suit against the collecting officer for recovering the tax paid.

Defendant's motion is allowed. Plaintiffs' bill is dismissed.