**UNITED STATES v. MIDTOWN BANK OF NEW YORK et al.**

District Court, S. D. New York.

Nov. 29, 1933.

George Z. Medalie, U. S. Atty., of New York City (Ira Koenig and David Paley, both of New York City, of counsel), for the United States.

Sherman & Goldring, of New York City (Samuel N. Leiterman, of New York City, of counsel), for defendant Midtown Bank of New York.

KNOX, District Judge.

This action was originally instituted against Isidor Gainsburg. It was based upon sections 1114 (e) and (f) of the Revenue Act of 1926 (26 USCA §§ 1268a, 1269), upon the theory that Gainsburg, having possession of property belonging to the Jacob Lerner Fur Company, Inc., a taxpayer, against which an assessment had been made, had refused to turn over the property on demand. Thereafter, Gainsburg, claiming that he was a mere stakeholder of the property which had then been reduced to cash, offered to pay the funds into court and asked that Midtown Bank of New York and Jacob Lerner Fur Company, Inc., be substituted as defendants in the action in his place and stead. This was done, and Gainsburg deposited $1214.85 in the registry of the court. The government then served the complaint upon the bank and upon the taxpayer. The latter defaulted, but the bank appeared and answered.

On March 15, 1928, Jacob Lerner Fur Company, Inc., the taxpayer, had filed its income tax returns for the calendar years 1926 and 1927. On May 2, 1929, the taxpayer entered into an agreement with one Jacob Dachis and others, wherein Dachis took over practically all the assets, and assumed all the liabilities, of Jacob Lerner Fur Company, Inc., and released it from any and all liability thereunder. More specifically, Jacob Lerner Fur Company, Inc., assigned to Dachis "any and all of its interest in a suit now pending in the Supreme Court of the State of New York on a fire claim to the said par-

ty." The sum which later came into Gainsburg's possession was received by him in settlement of the suit mentioned in the assignment. On February 2, 1930, Dachis assigned whatever rights he had in the claim against the insurance company to Midtown Bank of New York, with which institution he had a loan that was in default. On February 20 or 21, 1930, the bank notified Gainsburg of the assignment. On February 22, 1930, Gainsburg received $1,214.85 from the insurance company in settlement of the suit. A week later, Gainsburg notified both Jacob Lerner Fur Company, Inc., and Dachis of the assignment claimed by the bank. The following day Michael Kosis, attorney for the Jacob Lerner Fur Company, Inc., notified Gainsburg that he should not recognize the assignment to Dachis, it being said that Dachis had broken the agreement of assignment, and that for such reason, Jacob Lerner Fur Company, Inc., did not recognize the same as being in force and effect. Thereupon, Gainsburg notified all parties that, in view of the dispute, he would retain the money until the parties agreed upon its disposition, or until a court order directed otherwise. Matters thus remained, the parties doing nothing to adjust their differences. On May 3, 1930, an additional assessment was made by officials of the Bureau of Internal Revenue against Jacob Lerner Fur Company, Inc., in the amount of $1601.30. On August 7, 1930, warrants for distraint in that amount were issued by the Collector for the Third Collection District of New York, and were placed in the hands of a Deputy Collector for service. On September 15, 1930, the said Deputy Collector served such warrants upon Gainsburg, together with a notice of levy on property, in the amount of $1,-601.30. The Deputy also demanded the surrender of the property belonging to the taxpayer. This demand was refused. On the same day a notice of tax lien was filed with the clerk of the United States District Court for this district, and two days later a copy of such notice was served on Gainsburg, along with a demand for the surrender of property in his possession belonging to the taxpayer. This demand was likewise refused, and action was then brought by the government.

Section 1114 (e) of the Revenue Act of 1926 (26 USCA § 1268a) provides: "Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process. * * * "

The essential question before the court is whether at the time of the making of the levy and demand, and under the circumstances recited, Mr. Gainsburg had in his possession "property, or rights to property, subject to distraint."

It is not disputed that the taxpayer originally placed the suit against the insurance company in Gainsburg's hands, with authority to collect the proceeds thereof as its agent. If this were all, the taxpayer would have had a clear right to such proceeds when realized, with the result that the fund would be subject to distraint by the government in a proceeding brought against the taxpayer.

But the record establishes that the taxpayer had assigned all its interest in this fund to Dachis, and that he, in turn, had reassigned such interest to the bank long before September 15, 1930, and many months before August 7, 1930, the earliest possible date upon which the government can predicate a lien on the fund.

The government, concededly, can recover only if the original assignment to Dachis was invalid. There is nothing to indicate that it was vitiated by either fraud or mistake. There is evidence, however, that Dachis, in his agreement with Jacob Lerner Fur Company, Inc., assumed all the outstanding liabilities of that concern, and that he has violated his agreement in reference thereto. The extent of the breach, and whether it occurred before or after the assignment of Dachis to the bank, does not appear. But, in any event, it is highly doubtful if such proof would invalidate any rights that were acquired by the bank. Ordinarily, as between Jacob Lerner Fur Company, Inc., and Dachis, the breach of their agreement by Dachis would give rise merely to an action for damages, and would not serve to set aside the assignment held by Dachis. Upon the proof made at the trial, it is impossible to find that Dachis' breach, if such there was, brought about a reversion of title in the fire claim to the Fur Company. This necessitates a holding that at the time of levy and demand on the tax claim, the right to insurance moneys had passed to the bank; and that it is, accordingly, entitled to a verdict and judgment for the fund which Gainsburg paid into the registry of the court.