**SAWHILL et al. v. LAWRENCE, Collector of Internal Revenue, et al.**

No. 5256.

Circuit Court of Appeals, Third Circuit.

Feb. 23, 1934.

Louis J. Wiesen, of Sharon, Pa., and Samuel Kaufman and S. Leo Ruslander, both of Pittsburgh, Pa., for appellants.

Horatio S. Dumbauld, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Western District of Pennsylvania. The appellants, receivers of the Mercer Tube & Manufacturing Company, Sharon Steel Products Company, and McDowell & Company, petitioned for an injunction to restrain the collector of internal revenue from proceeding with the sale of steel pipe, which had been seized by him upon distraint for income taxes assessed against one B. A. Small, and for an order on the collector to deliver the seized pipe to the appellants free and discharged of any lien of the United States.

Small had been employed by the Wheatland Tube Company as its general manager. On October 10, 1932, he released the company from all liability under the employment contract. In consideration of such release the company agreed in writing to deliver on his order 550 tons of pipe—275 tons on or before December 15, 1932, and the remainder within three months thereafter. Prior to December 10, 1932, 220 tons had been delivered and 330 tons were on the premises of the Wheatland Company.

Small was indebted to the United States for income taxes. The collector of internal revenue at Philadelphia certified these taxes to the collector at Pittsburgh. On December 10, 1932, the Pittsburgh collector filed a notice of lien and on December 13, 1932, distrained on the undelivered 330 tons of pipe and advertised the same for sale.

The appellants' theory is that they are

entitled to the injunction because, at the time of the filing of the lien, the Sharon Company and not Small was the owner of the pipe in question. They alleged and attempted to prove that in October, 1932, Small had transferred title to his wife by assignment; that she, acting through the agency of her husband, transferred title to the Sharon Company; that the latter and McDowell & Co. merged and transferred their assets to the Mercer Company; and that among the assets contributed by the Sharon Company to the merged corporation was the contract with the Wheatland Company.

Small testified that he dictated an assignment of his rights to the pipe to a public stenographer in a hotel in Youngstown, Ohio; that he executed the assignment; that he then visited his wife at a hospital where she was confined because of a serious illness; that, while there, he showed her the assignment and told her from memory what it contained; that he then took the paper to his own home and placed it in a bureau drawer; and that the bureau was moved to a storage warehouse and the paper lost. He did not remember the name of the hotel, hospital, or stenographer although he claimed that his memory was so accurate that he had recited to his wife the contents of the assignment verbatim. At the time of the alleged assignment, he knew that the government was claiming taxes. No consideration passed for the assignment.

Mrs. Small testified that her husband visited her at the hospital and told her that a paper which he had in his hand was an assignment. She did not read the assignment nor indicate in any manner her acceptance. She did not see it at any time thereafter. That is the gist of the testimony relied upon by the appellants to prove that Small assigned title to his wife.

▮ In order to prove title in the Sharon Company, the appellants again rely upon testimony by Small. In addition they stress testimony to the effect that accountants who set up the books for the Mercer Company entered the pipe as an asset contributed by the Sharon Company and that, according to the entries in the books of the Sharon Company, the pipe became its property on or about October 31, 1932, which was prior to the date of the lien for taxes. Not only is the effect of such entries considerably weakened by the fact elicited on cross-examination that they were made about December 10, 1932, which was subsequent to the tax lien, but they are not evidential as proof of title in the Sharon Company for the reason that they are clearly self-serving declarations.

▮ In view of the dispute as to the real ownership of the pipe at the time of the lien, it was for the trial court to determine the facts. That court disbelieved the testimony offered by the appellants as to the alleged assignment to Mrs. Small, and we think the record justified its conclusion that there was insufficient credible testimony to establish the passage of title from Small prior to the lien.

The contentions of the appellants based upon the rights of creditors of the merged corporation are not convincing. The trial court found upon sufficient evidence that title had not passed to the merged corporation prior to the tax lien and we perceive no error in that finding.

▮ The receivers' claim is enforceable only upon proof that ownership was no longer in Small on December 10, 1932, the date of the filing of notice of the lien for taxes. The trial court found the evidence on this issue insufficient to persuade it to grant the injunction. Upon a careful examination of the record, we discover no error in its findings of fact or conclusions of law.

Decree affirmed.