## APONAUG MFG. CO. et al. v. FLY, Collector of Internal Revenue, et al.

### No. 621.

District Court, S. D. Mississippi.
Jan. 21, 1937.

George E. Shaw, of Jackson, Miss., Bozeman, Cameron & Bozeman and Ben F. Cameron, all of Meridian, Miss., for plaintiffs.

Robert M. Bourdeaux, U. S. Atty., of Meridian, Miss., and Greek L. Rice, Atty. Gen., State of Mississippi, for defendants.

BORAH, District Judge.

This cause came on to be heard on a former day on the application of the plaintiffs herein for a temporary injunction to enjoin the defendant, Eugene Fly, as collector of internal revenue from collecting the taxes due under the federal Social Security Act (42 U.S.C.A. §§ 301–1305), and a declaratory judgment declaring titles 3 and 9 of said act (42 U.S.C.A. §§ 501–503 and §§ 1101–1110) unconstitutional and void, and the court having entered its order decreeing that plaintiffs were not entitled to the relief applied for and that the defendant's motion to dismiss was well taken, the court now makes and enters its findings of fact and conclusions of law.

### Findings of Fact.

1. Plaintiffs, Aponaug Manufacturing Company, J. W. Sanders Cotton Mills, Inc., and Cotton Mills Products Company are all corporations duly organized and existing under the laws of the state of Mississippi, and plaintiff, Alden Mills, is a Louisiana corporation engaged in the manufacture of hosiery and socks in the state of Mississippi.

2. The defendant Eugene Fly is now and at all times herein mentioned has been the collector of internal revenue for the District of Mississippi, and as such collector is charged with the duties of collecting the taxes, fines, and penalties herein referred to and he is a citizen of the state of Mississippi, and resides in Jackson, Miss.

3. The defendants Leon J. Wheeless, Carl Freiler, and Birney Imes are each resident citizens of Mississippi and these three constitute, under due appointment and commission, the Unemployment Compensation Commission of Mississippi.

4. The defendant Greek L. Rice is the Attorney General of the state of Mississippi, and he, along with the members of said Unemployment Compensation Commission of Mississippi, are charged with the duty of administering the Unemployment Compensation Law of the state of Mississippi; as such state officers they are made parties defendant to this suit in order that they may be within the jurisdiction of this court and may be bound by any orders which may be entered herein with respect to the funds or monies which the plaintiffs offer to pay into court in this suit.

5. This is a suit of a civil nature wherein the matter or amount in controversy exceeds as to each plaintiff (except Cotton Mills Products Company) the sum or value of $3,000 exclusive of interest and costs. This suit arises under the Constitution and laws of the United States, in that plaintiffs assert that the Act of Congress approved August 14, 1935, and known as the Social Security Act (42 U.S. C.A. §§ 301 et seq., 401–410a, 501–503, 601–606, 701–705, 711–715, 721, 731, 801–803, 901–904, 1001–1011, 1101–1110, 1201–1206, 1301–1305) and particularly titles 3, 7 and 9 thereof (42 U.S.C.A. §§ 501–503, 901–904, 1101–1110) and each of them, and the act of the Legislature of the state of Mississippi approved March 23, 1936, as amended by the act of the Legislature of the state of Mississippi approved September 19, 1936 (chapter 176 of the Laws of Mississippi of 1936, as amended by chapter 3 of the Laws of the extraordinary legislative session of 1936) known as the Unemployment Compensation Act, and the system sought to be created by such laws jointly are invalid, because they are in violation of the Constitution of the United States, and particularly the Fifth, Ninth and Tenth Amendments thereof.

6. Plaintiffs seek in this suit to enjoin the defendant, Eugene Fly, from collecting from the plaintiffs any taxes, exactions, interest, or penalties imposed by title 9 of the said federal act, and they seek further a declaratory judgment by this court under the act of Congress approved June 14, 1934 (28 U.S.C.A. § 400) that Titles 3, 7 and 9, or one or more of them are unconstitutional and void.

7. Each of the plaintiffs was and is an employer as defined in the act of Congress approved August 14, 1935, known as the Social Security Act and is an employer as defined in the Mississippi Unemployment Compensation Law, and each of such plaintiffs (except Cotton Mills Products Company) regularly employs eight or more employees to each of whom each plaintiff pays wages as defined by title 9 of the federal act and the Mississippi act. As to each plaintiff, save Cotton Mills Products Company, the amount involved is more than $3,000 exclusive of interest and costs.

8. Prior to the enactment of the federal act each plaintiff had in existence with

946

its employees valid contracts of employment which have not expired and are now in full force and effect.

9. Plaintiffs were (except Cotton Mills Products Company, which ceased business on September 18, 1936) during the entire year 1936, and still are, employers within the meaning of title 9 of said act. Every taxpayer under said act is authorized to credit against the tax as set out in said title 9 the amount of contributions with respect to employment during the taxable year paid by him before the date of filing his return into an unemployment fund under a state law, but such credit shall not exceed 90 per centum of the tax against which it is credited, and credit shall be allowed only where the state has been accredited and approved as provided in said Social Security Act.

10. The business conducted by each plaintiff herein is separate and distinct from that conducted by other plaintiffs, and this situation exists generally throughout the state of Mississippi.

11. Plaintiffs are employers under the Mississippi act and have filed simultaneously with the filing of this suit another suit challenging the constitutionality of the said Mississippi Unemployment Compensation Law, and asking that the authorities of the state of Mississippi be enjoined from enforcing the said law against these plaintiffs, or collecting from the plaintiffs any of the contributions provided thereby. They propose, if successful in said suit, to pay the money claimed by the authorities of the state of Mississippi into court to be administered by this honorable court, as the law and the equities of the parties may require, and they pray that full reference may be made to the said suit, and the action taken therein, by this court, so that full protection will be given to the rights of these plaintiffs with respect to the said Mississippi act and the federal act.

12. Under the Mississippi act, unless these plaintiffs shall pay to the Mississippi Unemployment Compensation Commission the exactions claimed by it on or before January 15, 1937, plaintiffs will not be entitled to any credits of any amount which may be paid into court, or otherwise set aside to satisfy the terms of the said state act, and the plaintiffs will be required under the federal act to pay their exactions under the federal act to the defendant without any credit nor or hereafter for said amounts paid into court or set aside for satisfaction of the Mississippi act.

13. Each plaintiff is required to make a return not later than January 31, 1937, under title 9 of the federal act of the tax imposed for the year 1936.

14. The Mississippi act was duly approved by the Social Security Board and such Board certified the Mississippi act to the Secretary of the Treasury under the provisions of section 903 of the Federal Act (42 U.S.C.A. § 1103) and such approval and certification have not been withdrawn.

## Conclusions of Law.

1. The bill of complaint sets forth no facts which, if true, would entitle the plaintiffs to the relief prayed for in a court of equity or to any injunctive relief pendente lite in this cause.

2. The plaintiffs have a plain, adequate, and complete remedy at law.

3. This is a suit to enjoin the collection of a tax in direct contravention of section 3224 of the Revised Statutes of the United States (26 U.S.C.A. § 1543) which prohibits the maintaining in any court of a suit for the purpose of restraining the assessment and/or collection of a federal tax.

4. This court is without power or jurisdiction to render a declaratory judgment respecting the validity of any federal tax.

5. The defendant, Eugene Fly, is entitled to have the case dismissed as against him.