### UNITED STATES v. ZAFRIN.*
#### Cr. 36940.

District Court, E. D. New York.
Dec. 14, 1937.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (James D. Saver, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Maxwell Shapiro, of New York City (Alvin I. Perlmutter, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

The defendant, Irving Zafrin, alias Irving Kremer, was indicted by the grand jury on January 21, 1937. The indictment charges that the defendant in violation of section 1152a, title 26, of the United States Code, 26 U.S.C.A. § 1152a, Revenue Act 1934, § 201, on or about July 24, 1936, on Woodside avenue, between Sixty-Fifth street and Sixty-Sixth street, Woodside, in the borough of Queens, city and state of New York, and within the jurisdiction of this court, did unlawfully, willfully, and knowingly possess a certain quantity of distilled spirits in immediate containers on which there were affixed no stamps denoting the quantity of such distilled spirits, nor evidencing payment of the internal revenue taxes imposed on such spirits. Prior to the arrest on July 24, 1936, Investigators De Fink and Coster, of the Alcohol Tax Unit, were in the vicinity of premises 6800 Roosevelt avenue, Woodside, L. I., and observed a Dodge coupé automobile having license No. 8M–803 New York, which was not owned by the defendant, parked in front of a malt and hop store. These alcohol tax agents observed three men leave the malt and hop store and enter the automobile. The agents followed the car in which these three men were riding. Thereafter, the defendant was observed leaving the automobile and walked a short distance down the block, and shortly thereafter returned to the automobile. He had been acting in a suspicious manner. After the defendant returned to the automobile he placed a package in the rumble seat of the automobile and closed the rumble seat. Thereafter, the three agents approached the defendant, who was then on the sidewalk, and engaged him in conversation. One of the agents asked the defendant, "Do you think you can get away with it always?" The defendant replied, "Give me a break; it is only two cans of alky." Thereupon, Agent De Fink opened the rumble seat and took the package out. He found that it contained two half-gallon tins of untaxed alcohol.

Considering the fact that the defendant was all along acting in a highly suspicious manner justifying watching what he was doing, and that when approached and prior to a search he admitted that he had alcohol in his possession, I think that the search was justifiable. Certainly, in a case of this kind it would have been impossible to obtain a search warrant, as the automobile was a moving object and would have gotten away. I think the case of Carroll v. United States, 267 U.S. beginning at page 132, 45 S.Ct. 280, 69 L.Ed. 543, 39

* Judgment affirmed 95 F.2d 1022.

A.L.R. 790, fully justifies the search. The automobile which was searched was not owned by the defendant. It has not been shown that he had any proprietary interest in the automobile or in the alcohol. Immunity to unreasonable searches and seizures is a privilege only to those whose rights have been infringed, and only they are permitted to object to such searches and seizures. Coon v. United States, 10 Cir., 36 F.2d 164; Graham v. United States, 8 Cir., 15 F.2d 740; Simmons v. United States, 8 Cir., 18 F.2d 85, and Remus v. United States, 6 Cir., 291 F. 501.

The motions to set aside the verdict and an arrest of judgment is denied.