UNITED STATES v. LONG ISLAND
DRUG CO., Inc., et al.

No. 353.

District Court, E. D. New York.
Oct. 6, 1939.

738

Harold M. Kennedy, U. S. Atty., Eastern District of New York, and Vine H. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., and Mario Pittoni, Asst. U. S. Atty., of New York City.

Otho S. Bowling, of New York City, for defendants.

MOSCOWITZ, District Judge.

This action is to enforce a statutory liability pursuant to Section 1114 (e) (f) of the 1926 Revenue Act (1939 Internal Revenue Code, Section 3710 (a) (b) (c); Title 26, U.S.C. § 1610, 26 U.S.C.A. § 1610), which states as follows:

"Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process.

"Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy.

"The term 'person' as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

The government has moved for the following relief:

"(1) To strike out the answer and grant summary judgment in favor of the plaintiff and against the defendant, Long Island Drug Company, Inc., pursuant to Sec. [rule] 56 of the Rules of Civil Procedure for the District Courts [28 U.S.C.A. following section 723c] on the ground that the answer is sham and frivolous and interposed merely for the purpose of delay.

"(2) To grant judgment on the pleadings in favor of the plaintiff and against the defendant, Long Island Drug Company, Inc. under Sec. [rule] 12 (c) (d) (f) (g) of the Rules of Civil Procedure for the District Courts on the ground that the affirmative defenses 1 and 2 of the answer and the counterclaim state no defenses or cause of action sufficient in law.

"(3) For such other and further relief as to this Court may appear just and proper."

The complaint alleges that on or about March 7, 1939, and at all times mentioned therein, the defendant, Long Island Drug Company, Inc., was in possession of property, or rights to property of Charles J. Steinberg in an amount over $12,777.65, subject to distraint; that on or about March 7, 1939, a notice of levy by the United States Collector of Internal Revenue for the First District was duly served, and a final demand was duly made upon the defendants to surrender to the aforesaid United States Collector of Internal Revenue property and rights to property, to wit, $12,777.65, subject to distraint as property and rights of property of Charles J. Steinberg for taxes, interest and penalties under an assessment duly made against the said Charles J. Steinberg, and duly certified to the said United States Collector of Internal Revenue for the First District; that on or about March 7, 1939, when the foregoing notice of levy was duly served and the final demand was duly made, the defendant Charles J. Steinberg was also an officer of the defendant Long Island Drug Company, Inc., to wit, Comptroller; that the defendants failed and refused to comply with said levy and demand, and failed and refused to surrender any of such property or rights of property of Charles J. Steinberg, to wit, $12,777.65.

The answer of the defendant Long Island Drug Company, Inc., does not deny that the United States duly served notices of levy and final demand to surrender the "$12,777.65 subject to distraint as property and rights of property of Charles J. Steinberg for taxes, interest and penalties under an assessment duly made against the said Charles J. Steinberg;" nor does it deny that the Company "failed and refused to comply with said levy and demand, and failed and refused to surrender any of such property or rights of property of

Charles J. Steinberg, to wit: $12,777.65." It does deny that on March 7, 1939 (when the United States served its last notice of levy and demand) the Company "was. in possession of property, or rights to property, of Charles J. Steinberg in an amount over $12,777.65, subject to distraint."

The first affirmative defense in the answer states that at all the times mentioned Steinberg was employed by the Company and as such was entitled to his salary for his services; that the United States, acting on the assessment mentioned in the complaint, had previously served on the Company notices of levy and demand to turn over Steinberg's money; that at that time the Company owed Steinberg nothing and had none of his property; that the United States then advised the Company that these notices affected all salary thereafter owed by the Company to Steinberg; that thereafter the Company, Steinberg and Steinberg's wife agreed that from time to time the Company would lend to Steinberg's wife, and Steinberg would guarantee the repayment of these loans by applying all his salary thereafter earned toward such repayment; that thereafter the Company loaned to Steinberg's wife more than Steinberg's salary; that the "alleged credit referred to in paragraph 3 of the complaint" was merely the Company's book entries showing Steinberg's total salary since the agreement "so made and entered for convenience because of the assertion of the Collector of Internal Revenue that the notice referred to in paragraph fourth hereof was effective against salaries that might be earned after the date of its service."

The second affirmative defense is that the assessment is void and unlawful because it is based on information obtained from evidence illegally seized from Steinberg, and thereafter by order of this Court returned to him and its use by the United States enjoined.

[1] Upon a motion for judgment on the pleadings there can be no recourse to facts and documents aliunde the pleadings. In seeking to· determine the validity of the defenses interposed herein, whether the same are sufficient upon the face thereof, the problem is best exposed in the light of the basic statute sought to be enforced, with particular reference to its historical objective.

■ The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled. Phillips v. Commissioner, 283 U.S. 589, 595, 51 S.Ct. 608, 75 L.Ed. 1289. Such method of collection is imperative so that funds may always be available to defray public expenses, for, as stated in Bull, Executor v. United States, 295 U.S. 247, 259, 55 S.Ct. 695, 699, 79 L.Ed. 1421, "taxes are the lifeblood of government, and their prompt and certain availability an imperious need." The whole system of Federal taxation, the procedure adopted for its enforcement, rests upon the fundamental empiricism that taxes are the only means by which sovereignty can maintain its existence, and to meet that need it is essential that tax-payers pay first and litigate later.

Proceedings by distraint to enforce payment of debts owing to the sovereign had their origin in the common law, and appeared first in the revenue laws of the United States in the Act of July 14, 1798, c. 75, 1 Stat. 597. Their validity is no longer open to question. Murray's Lessee et al. v. Hoboken Land & Improvement Co., 18 How. 272, 15 L.Ed. 372; cf. Rosenberg v. McLaughlin, 9 Cir., 66 F.2d 271, 273, certiorari denied sub nom. Rosenberg v. Lewis, 290 U.S. 696, 54 S.Ct. 132, 78 L.Ed. 599. There has been no lapse in the existence of such provision as part of the proceedings provided by statute for the administrative collection of taxes by summary process. Title 26, U.S.C., §§ 1580 and 1610, 26 U.S.C.A. §§ 1580, 1610, are two of the important statutory mandates in aid of this process to-day.

■ The statute in question (26 U.S.C. § 1610, 26 U.S.C.A. § 1610) imposes a statutory liability upon any person in possession of property, or rights to property subject to distraint, upon which a levy has been made, who fails or refuses to surrender any of such property or rights to the Collector of Internal Revenue, in a sum equal to the value of the property or rights not so surrendered. It is an important adjunct to the · general design whereby government seeks to enforce payment of delinquent taxes by summary process. Through it the administrative collection of taxes by summary process is rendered more effective by extending to the government the power to reach property and property rights of a recalcitrant taxpayer even though such property or property rights be in the possession of a third person. This is evidenced by the following language in the report of the Senate

Finance Committee, No. 52, relative to the legislation: "The existing law permits distraint upon personal property of a delinquent taxpayer even though in possession of another person. The committee amendment specifically makes it the duty of the possessor to surrender the property upon which a levy is made, and imposes upon him, in addition to any criminal liability, a civil liability, if he fails to do so, equal to the value of the property but not exceeding the amount of tax, a liability similar to that of an executor who pays debts before he pays a debt due the United States."

In an action based upon this statute the defendant may successfully resist if he shows that no property or rights to property of the delinquent taxpayer was in the defendant's possession when the levies were made. Typical of the cases bearing upon this point is United States v. Bank of Shelby, 5 cir., 68 F.2d 538. There it was held the defendant bank was not liable under the statute for refusal to deliver to the Collector of Internal Revenue an amount standing to the credit of the taxpayer against whom an additional assessment had been made. The credit, however, represented the difference between a note of the taxpayer which had previously been cancelled and a new note which the taxpayer had given to the bank. The taxpayer was insolvent at the time, and the Court held that since the bank, either at law or in equity, could have defeated a demand by the taxpayer for payment of the money apparently to his credit by offsetting the note which produced the credit, and the United States could claim only under and through him and subject to the defenses and equities affecting him, the bank was not to deliver to the Collector the money demanded. See, also, United States v. Bank of United States, D.C., 5 F.Supp. 942; United States v. Midtown Bank, D.C., 6 F.Supp. 931.

In the instant case defendant has likewise sought to raise the question, by its first defense, whether it had property of the taxpayer Steinberg within the meaning of the statute. The denial that it had such property is sought to be fortified by the ultimate facts of the first defense heretofore mentioned. But the facts fail to disclose any defenses and equities of the Company pertaining to the property of Steinberg sufficient to defeat the government's paramount claim thereto. There is a fatal admission that the agreement relied upon was entered into after the notices of assessment, lien, levy and demand were served upon the Company. The assessment list when received by the Collector of Internal Revenue acted as a lien and had the same force and effect of a judgment, and continued effective and enforceable thereafter until Steinberg's liability was satisfied. 26 U.S.C. §§ 1560, 1561, 26 U.S.C.A. §§ 1560, 1561. Bull, Executor, v. United States, supra. No equity that the Company could assert against Steinberg's salary arose by virtue of any legal situation existing prior to the operative facts which attached the government's lien to such salary, and the Company was at all times apprised of the existing claim of priority. The purpose of the statute is not to be thwarted by the absence of a clearly defined moment when the lien may be said to have attached to the property in issue. Cf. United States v. Canfield, 29 F.Supp. 734 (United States District Court for the Southern District of California, decided July 24, 1939; C. C. N. Tax Service, Section 9841). The moment is fixed in the setting of the occasion to give prior validity to the government's lien in the property of the taxpayer as against any rights of the defendant Company under facts in the nature here presented. To hold otherwise the purpose of the statute as heretofore stated will be easily defeated, and sanction would be given to a simple evasion device. The first defense, therefore, is insufficient as a matter of law.

There is less difficulty in the consideration of the second defense. It is settled law that the defense of illegal search and seizure is personal and can be raised only by the owner of the property the seizure of which lays him susceptible to criminal prosecution. United States v. Zafrin, 2 Cir., 95 F.2d 1022; Id., D.C., 22 F.Supp. 601; Lewis v. United States, 10 Cir., 92 F.2d 952; United States v. Vlahos, D.C., 19 F. Supp. 166; Bushouse v. United States, 6 Cir., 67 F.2d 843. The only defenses available in an action to enforce the statutory liability pursuant to 26 U.S.C. § 1610, 26 U. S.C.A. § 1610, are those expressly permitted by the statute, itself, namely, where there is no property or rights to property of the taxpayer in the possession of the defendant or such property or property right is, at the time of demand, subject to an attachment or execution under judicial process. United States v. American Exchange Irving Trust Co., D.C., 43 F.2d 829; United States v. First Capital National Bank of Iowa, 8

Cir., 89 F.2d 116; United States v. City State Bank, D.C., 19 F.Supp. 775. The second defense does not fall within the grounds permitted by the statute and therefore is likewise insufficient as a matter of law.

The only affidavit submitted in behalf of defendant Company in respect to the motion for summary judgment is that of counsel to the said Company. Apart from the question whether such affidavit is sufficient in the absence of adequate explanation of the defendant's omission to submit its own affidavit (rule 56, Rules of Civil Procedure, subdivisions (e) and (f) thereof, 28 U.S.C.A. following section 723c) it is enough to state that no facts are presented in support of any denials of material allegations in the complaint sufficient to raise a triable issue, and the motion of the government is therefore granted in all respects.

Settle order on notice.