**FILIPOWICZ v. ROTHENSIES, Collector of Internal Revenue, et al.**

No. 592.

District Court, E. D. Pennsylvania.

Feb. 16, 1940.

Kraus & Weyl and Jerome L. Markovitz, both of Philadelphia, Pa., for plaintiff.

J. Cullen Ganey, U.S. Atty., Thomas J. Curtin, Asst. U. S. Atty., and Herman Toll, all of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

Plaintiff filed a petition for a declaratory judgment, seeking adjudication by this court as to the title to certain dividends declared by a bankrupt estate.

The defendant Rothensies filed a motion to dismiss questioning (1) the jurisdiction of the court over the subject matter of the petition and (2) sufficiency of the petition.

The petition for the declaratory judgment discloses:

· The plaintiff was in June, 1938, an employee of the defendants J. Michalowski and Charles Jasecki, and a member of the Amalgamated Clothing Workers of America, a labor union, hereinafter called the Union. (Pet. par. 1)

The defendants Michalowski and Jasecki (trading as United Coat Shop) were for some time prior to June, 1938, engaged to supervise various operations on garments owned by the manufacturers, Harry Steinberg and Louis Steinberg (trading as Steinberg Brothers), since declared bankrupt by this court in cause No. 20243. (Pet. par. 2)

For some time prior to June, 1938, Messrs. Steinberg failed to pay the defendants Michalowski and Jasecki for the operations on its garments. (Par. 2) The latter, in turn, failed to pay their employees' wages and became indebted for wages in the sum of $2,680.58, including the sum of $113.39 due the plaintiff. (Par. 2)

In June, 1938, the defendants Michalowski and Jasecki executed a writing with the Union by which the former assigned to the Union all their rights in any claim against the bankrupt estate of the Messrs. Steinberg, as trustee for all the unpaid wage-earners of defendants Michalowski and Jasecki. (Par. 3, Ex. 1)

On June 6, 1938, the defendant Herman Toll filed a proof of priority claim for wages as the assignee of such wages against the aforesaid bankrupt estate on behalf of the defendants Michalowski and Jasecki, as their attorney, which claim was allowed as a general claim. (Par. 4, Ex. 2)

The Union, as trustee for the plaintiff and other unpaid employees of the defendants Michalowski and Jasecki, filed a petition for leave to intervene in the bankruptcy proceedings on their behalf, to prove their claims against the bankrupt estate of Messrs. Steinberg, to protect the claims against that estate assigned as aforesaid. (Pars. 5, 6)

On or about March 23, 1939, three dividends were paid on the bankrupt estate of the Messrs. Steinberg, of which the defendant Toll received a total of $246.24 in three checks. While the defendant Toll retained the dividend checks, intending to transmit them to Kraus and Weyl (attorneys for the Union) "as the sum so retained belonged to the plaintiff and other wage-earners," he was served by defendant W. J. Rothensies, United States Collector of Internal Revenue, with a notice of lien, levy, and warrant for distraint because of the indebtedness of defendants Michalowski and Jasecki to the United States of America for taxes, penalties, and interest amounting to $1,059.94. (Pars. 8, 9)

Defendant Toll allegedly admits that the dividends belong to the Union as the plaintiff's trustee, but has not paid over the dividends because he is unable to decide to whom they should be paid. (Par. 10)

The petition alleges the possibility of the declaration of additional dividends in the future to be paid to defendant Toll. (Par. 11)

The plaintiff prays for a declaratory judgment adjudicating which party is legally entitled to the dividends already declared and those hereafter to be declared on the estate of the Messrs. Steinberg.

■ As to the defendant Rothensies first objection—that the court has no jurisdiction over the subject matter of the petition:

This objection is based on the premise that in the instant proceeding the plaintiff is seeking to enjoin the collection of a federal tax and that such a suit is prohibited by virtue of Section 3653 (a) of the Internal Revenue Code, 26 U.S.C.A. § 3653(a), which provides that: "Except as provided in sections 272 (a), 871 (a) and 1012 (a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Section 3653 (a) of the Code corresponds to Section 3224 of the Revised Stat-

utes, 26 U.S.C.A. § 1543, and decisions under the latter are binding precedents in the construction of the Code provisions.

■ It may well be disputed whether the instant suit, in effect, is one for an injunction. However, for reasons noted infra, it is clear that Code Section 3653 (a) has no application to the instant case even had there been a suit brought expressly for the purpose of securing an injunction against seizure of the fund in question.

The leading case on the question in issue is that of Long v. Rasmussen, D. C., 1922, 281 F. 236, which involved a suit to enjoin a sale on a distraint warrant. Plaintiff claimed to be the true owner of the property which was in her possession when the distraint was levied. This was viewed by the court as establishing prima facie proof of her ownership which was not overcome by the evidence presented on behalf of defendant. In granting the injunction, the court declared: "Congress has no power to grant, and has not assumed to grant, authority to the defendant collector to distrain the property of one person to make the taxes of another. * * * The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws. The instant suit is not to restrain assessment or collection of taxes of Wise, but is to enjoin trespass upon property of plaintiff, and against whom no assessment had been made, and of whom no collection is sought." Id., 281 F. at page 238.

In accord, see Lion Coal Co. v. Anderson, 10 Cir., 1932, 62 F.2d 325, 328; Trinacia Real Estate Co. v. Clark, D.C., 1929, 34 F.2d 325, 328; Owensboro Ditcher & Grader Co. v. Lucas, D.C., 1927, 18 F.2d 798, 802.

Compare Cannon v. Nicholas, 10 Cir., 1935, 80 F.2d 934, in which W defended against a levy on a policy of life insurance for H's taxes, on the ground that she was an owner thereof. Upon an examination of the state law applicable, the court found that W did have a beneficial interest in the policy involved. Therefore, the court concluded (80 F.2d at page 939): "The effort to sell the entire policy, including Mrs. Cannon's interest therein as recognized by the Colorado law, should be enjoined."

Sawhill v. Lawrence, 3 Cir., 1934, 69 F. 2d 194, involved a petition for an injunction to restrain the tax collector from selling property seized on distraint. Testimony was heard by the trial court on the issue of an assignment of the property by the taxpayer prior to the establishment of the tax lien. In upholding the trial court's decree denying the injunction sought, the Circuit Court declared (69 F. 2d at page 195):

"In view of the dispute as to the real ownership of the pipe at the time of the lien, it was for the trial court to determine the facts. That court disbelieved the testimony * * * as to the alleged assignment to Mrs. Small, and we think the record justified its conclusion that there was insufficient credible testimony to establish the passage of title from Small prior to the lien. * * *

"The receivers' claim [for injunction] is enforceable only upon proof that ownership was no longer in Small on December 10, 1932, the date of the filing of notice of the lien for taxes. The trial court found the evidence on this issue insufficient to persuade it to grant the injunction. Upon a careful examination of the record, we discover no error in its findings of fact or conclusions of law."

In Hubbard Investment Co. v. Brast, 4 Cir., 1932, 59 F.2d 709, 710 the court declared: "If therefore, this were a case where property equitably belonging to one person were being sold in satisfaction of taxes assessed against another, the statute relied upon would afford no reason for refusing relief. The case presented, however, is not such a case; for complainant has not satisfactorily established its ownership of the property."

In United States v. Midtown Bank of New York, D.C.,1933, 6 F.Supp. 931, X had property of T, taxpayer, who assigned his interest in the fund to Y. The government, thereafter, sought to distrain on the property for delinquent taxes due from T. Upon X's refusal to turn over the property to the government, suit was brought to compel such action. X released the money into the custody of the

court and Y and his assignee, Midtown Bank, became parties defendant. The court found that the first assignment was valid and that at the time of the levy and demand, Y had obtained ownership rights in the fund. His assignee, the bank, therefore, was awarded a judgment entitling it to the money in issue.

For the proposition that it must appear clear that the property involved is not subject to the lien of the government for taxes due, before a court of equity will enjoin the seizure of the property to satisfy the tax debt due, see Markle v. Kirkendall, D.C.,1920, 267 F. 498, 500; C. Waldron v. Poe, D.C.,1924, 1 F.2d 932; and Kissinger v. Bean, C.C.,1875, Fed. Cas. No. 7,853.

In general, see Brewster, Distraint under Federal Revenue Laws (1937) pp. 120, 122. See, also, Notes, Enjoining the Assessment and Collection of Federal Taxes Despite Statutory Prohibition (1935) 49 Harv.L.Rev. 109, 110, n. 14; Availability of Injunction to Prevent the Assessment or Collection of a Federal Tax (1933) 18 St. Louis L.Rev. 311, 317; cf. Miller, Restraining the Collection of Federal Taxes and Penalties by Injunction (1923) 71 U. of Pa.L.Rev. 318, 339.

The conclusion to be drawn from the foregoing authorities may be summarized as follows:

 If there is no dispute that title to the property involved was vested in petitioner (nontaxpayer) prior to the effective establishment of the federal tax lien (purely aside from other statutory provisions regarding claims for income taxes against assets transferred under certain conditions, not relevant here) the decisions are unanimous that a court of equity can and will enjoin seizure of the property and this is not regarded as a suit to restrain the collection of a federal tax. Where a prima facie case to that effect is made out by the nontaxpayer petitioner, the same result has obtained. However if, after reviewing the evidence in support of petitioner's claim, the court finds that the issue of ownership still is not free from doubt, it will refuse to grant the prayer for injunction. In the latter case, the question really is not one of jurisdiction but, actually, regards the exercise thereof.

In view of the foregoing, the first ob-

jection proffered on behalf of defendant Rothensies is untenable.

As to the sufficiency of the petition—is a claim stated upon which relief can be granted?

In support of the objection that the petition does not state a claim upon which relief can be granted, the defendant Rothensies contends that all of the taxpayer's property was subject to a lien for unpaid taxes, and that the petition fails to state how this lien is inferior in law to plaintiff's lien or subsequent in point of time.

Section 3670 of the Internal Revenue Code (corresponding to section 3186 (a), Revised Statutes, as amended by section 613 (a), 1928 Revenue Act, 26 U.S.C.A. § 1560) provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 3672 (a) of the Code (substantially corresponding to section 3186 (b), Revised Statutes as amended by section 613 (a) of the 1928 Revenue Act and Act of June 25, 1936, 26 U.S.C.A. § 1562) provides:

"Such lien shall not be valid as against any mortgagee, pledgee,[1] purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) In accordance with the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice; or

"(2) In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice; * *."

To the effect that the federal tax is a general one and not necessarily preferred over other liens, see In re Wyley Co., D.C.,1923, 292 F. 900, and Exchange Nat. Bank of Tulsa v. Davy, D.C.,1936, 13 F. Supp. 226.

 The instant petition alleges that taxpayer made an assignment of its claims against the bankrupt estates of S. Weiner & Sons and Steinberg Bros., to the Amalgamated Clothing Workers of America as

---

[1] Word "pledgee" added by section 401 of 1939 Revenue Act, 26 U.S.C.A. § 3672(a).

trustee for all its employees to whom it was indebted in the sum of $2,680.58, and that the said assignment was made in June, 1938. Paragraph 9 of the petition alleges that "On the 31st of March, 1939, the defendant W. J. Rothensies, Collector of Internal Revenue for the First District of Pennsylvania * * * served Herman Toll, Esq., with a notice of lien, levy and warrant for distraint pursuant to Section 3186 of the Revised Statutes, as amended, because of the tax indebtedness of the United Coat Shop to the United States Government amounting to $1,059.94 including interest and penalties."

Note that there is no allegation that the government did not establish a tax lien as against the taxpayer prior to the assignment; nor is there an allegation in the petition that notice of such a lien was not filed in the proper office prior to such time. The language of the petition "notice of lien, levy and warrant for distraint" may well and apparently does refer to the procedure for enforcing an already effective lien by means of levy or distraint warrant.

"A lien for taxes having been created in behalf of the United States, the collector or his deputy is authorized to collect the taxes which are due by distraint or sale upon the expiration of ten days after notice and demand. Forms for first and second (final) notice and demand have been prescribed by the Treasury Department". Brewster, Distraint under Federal Revenue Laws, (1937) p. 52.

Thus, if it was at all possible for the United States government to have acquired a lien prior to the assignment in question, the complaint must be dismissed for failure to allege that such a lien actually was not established.

■ It is well settled that a federal tax lien may attach to intangible as well as to tangible property. See United States v. Bank of Shelby, 5 Cir., 1934, 68 F.2d 538; and United States v. Bank of United States, D.C.,1934, 5 F.Supp. 942.

In Exchange Nat. Bank v. Davy, D.C., 1936, 13 F.Supp. 226, 228, the court declared: "The tax lien attaches to personal property, as well as rights to property, in addition to real property. The tax lien provided by the congressional act attaches to personal property or *choses in action,* subject to the existing rights of third persons. * * * It should likewise be true as to equitable liens * * *. In the instant case, the equitable lien arose by the assignment of the trust, and the trust property consisted of a *chose in action,* not real property, when given. * * * When the government filed notice of the tax lien, such lien attached to the trust property, subject to the rights of the assignee, the plaintiff herein. * * *" (Italicizing supplied.)

Tying together the problem of whether the federal tax lien can apply to a debt owing the taxpayer and the question of when a lien on this debt can be made effective as against third parties is G.C.M. 5432, VIII–1 C.B. 134, in which the General Counsel for the Bureau of Internal Revenue declared that a notice of lien *filed* by a collector with the proper official covers all of the property and rights of property, whether real or personal, belonging to the delinquent taxpayer, and operates as a lien on bank deposits of a taxpayer and on *debts due* a taxpayer though a specific notice of the lien has not been served on the bank or on the *debtor* of the delinquent taxpayer.

■ The language of section 3670 of the Internal Revenue Code is very broad in including "all property and rights to property, whether real or personal," and it would seem reasonable to construe it as contemplating choses in action belonging to the taxpayer. Certainly, such are assets of the latter in a very real sense of the word. Inasmuch as the instant petition fails to allege that such a lien was not established prior to the assignment or, according to the G.C.M., supra, that notice of such lien was not filed prior to the assignment, it would seem that the petition fails to state grounds on which relief can be granted.

The defendant has also questioned the jurisdiction of this court under the Declaratory Judgments Act.

Section 274d of the Judicial Code, 28 U. S.C.A. § 400, provides: "In cases of actual controversy *except with respect to Federal taxes* the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such." (Italicizing supplied.)

In Union Packing Co. v. Rogan, D.C., 1937, 17 F.Supp. 934, 940, the court declared: "It is the specific command of the Congress of the United States that 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.' Revised Statutes, § 3224, 26 U.S.C.A. § 1543. This command, which cannot be waived by agents of the government, Gouge v. Hart (D.C.Va.1917) 250 F. 802, by recent enactment, has been made to apply to declaratory judgments. The statute excepts specifically actual controversies 'with respect to Federal taxes.' Jud.Code, § 274d, as amended, 28 U.S.C.A. § 400."

■ The foregoing judicial construction confirms, the view of this court that the clause of the Declaratory Judgments Act, italicized above, was enacted for the purpose of continuing the legislative policy of section 3224 of the Revised Statutes. Cases arising since the passage of the provision in issue have involved challenges to the *validity* of varied tax impositions and, as was to be expected, such questions were found not to be within the scope of a declaratory judgment. See W. B. Scaife & Sons v. Driscoll, 3 Cir., 1937, 94 F.2d 664; Beeland Wholesale Co. v. Davis, 5 Cir., 1937, 88 F.2d 447; Aponaug Mfg. Co. v. Fly, D.C.,1937, 17 F.Supp. 944. Of course, the result would be the same under section 3224 of the Revised Statutes. See Simonin's Sons v. Rothensies, D.C., 1936, 13 F.Supp. 807. Compare Penn v. Glenn, D.C., 1935, 10 F.Supp. 483, in which the court held that where a purported tax actually was not a tax but an attempt to regulate something beyond the power of Congress to regulate, a declaratory judgment to that effect was proper.[2] Cf. Vogt & Sons v. Rothensies, D.C., 1935, 11 F.Supp. 225, 231.

On the other hand, there is no suggestion that the permissible scope of a declaratory judgment in this regard would be more restricted than that under section 3224 of the Revised Statutes.

■ It would seem that Section 274d of the Judicial Code should be interpreted to deny a declaratory judgment to a petitioner only where the latter could not obtain an injunction under R.S. § 3224 against illegal seizure by a tax collector. In fact, such a rule would appear to be too restrictive inasmuch as there are cases where an equity court would refuse to grant an injunction because of the failure to state the need for equitable relief, while such a prerequisite would not be necessary for a declaratory judgment. In any event, it would seem clear that if a court of equity could enjoin the collector for taking illegal action, a federal court similarly should be able to issue a declaratory judgment without violating the inhibition against decisions as to federal taxes.

■ Aside from analogy to cases under R.S., section 3224, logically it is arguable that all that is sought is a declaration of the rights of the various interested parties to the fund in question. The tax collector claims by virtue of an alleged tax lien. Plaintiff claims by virtue of an alleged prior assignment. There will be no decision as to the propriety of the tax. There is no controversy over a federal tax. There is, however, a controversy as to the alleged rights of various claimants to specific property. In light of this analysis, it would seem evident that a declaratory judgment as to the property rights of the parties involved would be permissible.

In its motion to dismiss the defendant Rothensies also raised the question as to whether the petitioner is a proper party.

■ ■ Defendant argues that since the assignment in question was made to the Amalgamated Clothing Workers of America as trustee for plaintiff Filipowicz, the Union is the proper party plaintiff and not Filipowicz. The Declaratory Judgments Act permits a petition to be brought by "any interested party". "This phrase merely reiterates the ordinary requirement that a plaintiff in a cause of action must show an adequate interest." Moore's Federal Practice (1938) vol. 3, p. 3226. Illustrative of a lack of such adequate interest is Putnam v. Ickes, 1935, 64 App.D.C. 339, 78 F.2d 223 (private citizen cannot challenge title to land claimed and occupied by others although the claim and occupation is fraudulent and wrongful as against the United States Government), and Wallace v. Ganley, 1938, 68 App.D.C. 235, 95 F.2d 364 (potential invasion of right insufficient to warrant

---

[2] This case was decided before the 1935 amendment to the Declaratory Judgments Act prohibiting the application of the act to federal tax controversies. However, the court denied that a federal tax controversy was involved.

judicial intervention; there must be an actual or threatened impairment of rights). In the instant case, plaintiff Filipowicz claims a beneficial interest in the fund. The Union can claim only bare legal title as trustee for Filipowicz and his fellow employees. Filipowicz, therefore, would appear to be a proper party. Perhaps it would not be necessary to join Filipowicz had the Union alone brought action as a party plaintiff. But it is clear that the joinder of an unnecessary additional party plaintiff would not be grounds for dismissing the petition.

Since the court has allowed the petition of the Amalgamated Clothing Workers of America to intervene as a party plaintiff, it is not necessary further to consider the defendant's contention that the Union as assignee has a direct interest in the subject matter and is an indispensable party to the action.

In view of the previously stated conclusion that the complaint fails to allege that the government's lien was not established prior to the assignment, the defendant's motion to dismiss is granted.