## Bove v. Mellon National Bank & Trust Co.

Before McBride, Harkins and Jones, JJ.

*Mario L. Bove*, p. p., for plaintiff.

*Carl E. Glock, Norman D. Keller* and *Reed, Smith, Shaw & McClay*, for defendant.

JONES, J., April 14, 1949.—Plaintiff herein was a depositor in the Mellon National Bank and Trust Company, a corporation duly organized and existing under the laws of the United States of America, for the purposes of banking, having its principal place of business in the City of Pittsburgh.

On August 20, 1948, the Collector of Internal Revenue, United States Treasury Department, did make distraint and levy upon the account of plaintiff, in the sum of $10.54, claiming the amount due the United

States Government for withholding taxes due and owing by plaintiff. Prior to this time, to wit, on August 16, 1948, by registered mail, notice was duly served upon defendant of this distraint, and accordingly defendant bank did pay the United States Government the sum of $10.54.

Plaintiff filed suit in assumpsit, averring that a debtor-creditor relationship existed between the parties hereto, and that defendant bank was without authority at law to pay the money to the Federal Government; that the payment was made without due process of law and in violation of plaintiff's constitutional rights. Defendant answered, asking for judgment upon the whole record. The case came before us on a motion for judgment on the whole record.

The taxation specifically known as "withholding taxes" is governed by section 3672 of the Internal Revenue Code, as amended by section 401 of the Revenue Act of June 29, 1939, 53 Stat. at L. 882, and section 505 of the Revenue Act of Oct. 21, 1942, 56 Stat. at L. 957. The Federal Government has a right to proceed in the manner set forth in the act of Congress, namely, of distraint without suit or prior judgment or upon the indexing by any clerk or prothonotary's office: United States v. Long Island Drug Co., Inc., et al., 29 F. Supp. 737. The Federal Government cannot be hampered in its manner of collection of taxes by any local laws of garnishment, and has full power in the manner of its tax collections, under article I, sec. 8 of the sixteenth amendment to the Constitution and the enabling statutes.

We have no jurisdiction in this court to decide whether or not the tax was due and owing by plaintiff. In this particular case it is our opinion that an adequate tribunal exists to pass upon the question of the taxes and penalties, namely, the District Court of the United States for the Western District of Pennsyl-

vania. The right of Congress to levy taxes, under the sixteenth amendment, is as well settled as any principle of jurisprudence we have today. No further discussion is necessary.

Likewise, the right of levy upon accounts is well settled. Defendant bank was complying only with the mandate of Congress in this matter. We fail to see what function a jury trial in this court would perform. There is no question for the jury to determine here. The right of taxation cannot be made the subject of a jury trial. Neither the Constitution of the United States nor the Constitution of Pennsylvania guarantee the right of trial by jury to resist a tax by the sovereign state. There are other remedies, of course, for unjust or unconstitutional taxes and levies thereon, but they cannot be raised in a suit in assumpsit and trial by jury.

We believe no further discussion on this point is necessary.

The rule for judgment on the pleadings is made absolute.