SHERIDAN v. ALLEN et al.

(Circuit Court of Appeals, Eighth Circuit. April 27, 1907.)

No. 2,459.

INTERNAL REVENUE—SALE OF PROPERTY UNDER DISTRAINT WARRANT—REPLEVIN BY THIRD PARTY.

A sale of property by an internal revenue officer under a distraint warrant for the collection of a tax does not cut off the title of a third person who does not owe the tax and against whose property the warrant is not directed, and the true owner may assert his title and right of possession by replevin against the purchaser after the officer has made the sale and transferred possession, and has thus completed his official acts with respect to the property. A sale of property by a collector under a distraint warrant is clearly distinguishable from a sale of property seized and condemned in forfeiture proceedings for violation of the customs or internal revenue laws, and passes only the interest of the tax debtor.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

For opinion below, see 145 Fed. 963.

Henry W. Blodgett (Walter N. Davis, on the brief), for plaintiff in error.

E. P. Johnson, Asst. U. S. Atty., for defendants in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. The Commissioner of Internal Revenue made an assessment against one C. J. Knott of $900 for taxes due as a manufacturer of oleomargarine and certified it to Allen, the collector at St. Louis, Mo., for collection. The collector's demand for payment was refused, and he thereupon issued a distraint warrant and levied it upon a buggy, a wagon, and a horse as the property of Knott. The property was advertised by the collector and sold to three purchasers. Immediately after the sale, Sheridan, a constable of St. Louis, seized the property under a writ of replevin issued by a justice

of the peace in an action commenced by Madge Knott, the wife of the delinquent manufacturer. Thereupon the collector and the purchasers filed a joint petition in the Circuit Court of the United States for the Eastern District of Missouri for an order on the constable to surrender the property at once to the collector or the purchasers. The constable demurred to the petition, saying that it did not state facts sufficient to entitle the plaintiffs to relief. The trial court overruled the demurrer, the constable stood thereon and refused to plead further, and the order prayed for was made. Hence this writ of error by the constable. The question is whether the petition states a cause of action, and this involves the right of Madge Knott to maintain her replevin action, assuming her to have been the owner of the property. It is not averred in the petition of the collector and the purchasers that the constable took the property from the possession of the collector. The mere charge that he seized the property immediately after the sale will not bear that construction, and the suggestion to the contrary is negatived by the further averment that the constable withholds the property "from the possession of the parties above named to whom the same was sold by said collector." Nor was it averred that possession was being withheld from the collector. It is charged that the replevin action is illegal and in violation of the laws of the United States, etc.; but no facts are set forth from which such legal conclusions might be drawn or showing that the collector was in any manner interfered with or obstructed during the performance of his official duties and before the full completion thereof. So the case should be considered as though the collector had completed the sale, had delivered the property to the purchasers, and were now endeavoring to protect them from a claim of ownership by a third person who was not indebted to the government and whose property he had no right to seize. If the collector had no duty which remained unperformed, and no official interest which he was authorized to protect by an action of this character, the constable's demurrer should have been sustained, because the purchasers who joined with him as coplaintiffs are not entitled to proceed in this way for the assertion or defense of purely private rights. It may at once be conceded that, as long as the collector remained in possession under the distraint warrant, he could not lawfully be disturbed in the performance of his duties by a replevin action brought by any person whomsoever. The property so held is expressly declared to be in the custody of the law and irrepleviable. Rev. St. § 934 [U. S. Comp. St. 1901, p. 689]; Treat v. Staples, Holmes 1, Fed. Cas. No. 14,162. Nor could C. J. Knott, the debtor in the distraint warrant, afterwards recover the property by replevin from the purchasers upon the ground that he did not owe the tax or that there was some defect in the proceedings of the collector. Nor could any person maintain a suit to enjoin the collector from proceeding with the sale of the property for the collection of the tax. Rev. St. § 3224; Pullman v. Kinsinger, 2 Abb. (U. S.) 94, Fed. Cas. No. 11,463. But the case before us presents none of these conditions. No one interfered with the possession of the collector or obstructed him in doing his duty, and the tax debtor is not here questioning his responsibility or the title that passed

to the purchasers. The real questions which arise are whether the sale of property by a revenue officer under a distraint warrant for the collection of a tax cuts off the title of a third person who does not owe the tax and against whose property the warrant is not directed; and, if not, whether the true owner may assert his title and right of possession by replevin against the purchasers after the officer has made the sale. It is elementary that property does not always remain in the custody of the law merely because it was once in the possession and subject to the jurisdiction of a court or public officer. When jurisdiction has been exhausted and possession relinquished, it is as much the subject of seizure at the instance of any one not concluded by the prior proceedings as other property.

The proceedings of a collector for the collection of a tax, such as were taken in this case, are distinguishable from a forfeiture and condemnation of property seized for violation of the customs or internal revenue laws. In a case of the latter character the proceeding is in rem. The offense which has been committed is attached to the property itself. In a sense the property is proceeded against as the offender. When a forfeiture of personal property arising from illegal act or omission has been made effective by condemnation and sale, all title passes to the purchaser, and in some instances without reference to any personal delinquency of the owner. The owner may or may not be innocent; the property may or may not belong to him who is guilty. But not so in a case like that before us. There was no proceeding for forfeiture and condemnation for any delinquency of C. J. Knott. He simply failed to pay a tax assessed against him and a writ in the nature of an execution was issued for its collection. In such cases the acts of Congress limit the lien of the government to the property belonging to the tax debtor, and it is only such property that the collector is authorized to levy upon and sell. Moreover, it is expressly provided that the collector's certificate of sale "shall transfer to the purchaser all right, title and interest of such delinquent in and to the property sold." Rev. St. §§ 3188, 3190, 3194, 3186, as amended by Act March 1, 1879, c. 125, § 1, 20 Stat. 327 [U. S. Comp. St. 1901, p. 2060]. Naturally the purchaser gets no more than the collector is authorized to seize and sell, and we know of no rule, statutory or judicial, that in such cases bars a third person who was not a party to or concluded by the proceedings and who claims to own the property from asserting his claim against the purchaser in any forum having cognizance of ordinary controversies between individuals.

The order of the Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.