**LONG v. RASMUSSEN, Collector of Internal Revenue, et al.**

(District Court, D. Montana. May 29, 1922.)

No. 97.

**1. Internal revenue ⬅═⟫28—Prima facie proof property was owned by claimant puts burden on collector to prove it belonged to taxpayer.**

In a suit to enjoin the collector of internal revenue from selling property claimed by plaintiff under distraint to enforce taxes levied against another, evidence on behalf of plaintiff that the property comprised the furnishings of a hotel conducted by her, which was in her possession when distrained, was proof of her ownership and right of possession, which imposed on the defendant the burden to justify the seizure by a preponderance of evidence showing that the property belonged to the taxpayer.

**2. Internal revenue ⬅═⟫28—Evidence held to show property distrained did not belong to taxpayer.**

In a suit to restrain the sale of property claimed by plaintiff for taxes and penalties assessed against another, where plaintiff had made a prima facie case of ownership and right to possession, evidence on behalf of the collector *held* insufficient to show that the property distrained was that of the taxpayer.

**3. Evidence ⬅═⟫99—Lists of property returned for taxes are generally inadmissible against other parties.**

On the issue of ownership of personal property between a claimant of the property and the collector of internal revenue, who had distrained it as the property of a taxpayer, tax lists returned by the taxpayer to the assessor of local taxes, including the property in controversy, are generally incompetent as res inter alios acta.

**4. Internal revenue ⬅═⟫28—Threatened seizure of property, which would interrupt going business, may be enjoined.**

An injunction may be issued to restrain the collector of internal revenue from seizing the property of plaintiff for the taxes owing by another, where such seizures threaten disruption of plaintiff's going business, resulting in the infliction of uncertain damages and irreparable injury.

**5. United States ⬅═⟫125—Suit to enjoin distraint by collector is not suit against United States.**

A suit against the collector of internal revenue to enjoin sale by him under distraint proceedings of property claimed by plaintiff for taxes assessed against another is not a suit against the United States, but is against an individual who, as an officer in discharge of a discretionless ministerial duty, is committing trespass on plaintiff's property without authority.

**6. Internal revenue ⬅═⟫28—Statute against restraining collection of taxes applies only to suits by taxpayer.**

Rev. St. § 3224 (Comp. St. § 5947), prohibiting suit to restrain the collection of any tax, applies to suits by taxpayers only, who are given a remedy by section 3226 (Comp. St. § 5949), and does not prohibit an injunction against sale under distraint of the property belonging to plaintiff to satisfy taxes assessed against another.

**7. Internal revenue ⬅═⟫28—Statute against restraining collection of taxes applies only to those within scope of revenue laws.**

Rev. St. § 3224 (Comp. St. § 5947), prohibiting suits to enjoin the collection of taxes, applies only to persons and things within the scope of the revenue laws, and not to those without such scope.

**8. Internal revenue ⬅═⟫28—Prevention of replevin of property distrained does not prevent injunction against sale.**

Rev. St. § 934 (Comp. St. § 1560), making irrepleviable property taken by an officer under authority of any revenue law, and making such prop-

---

⬅═⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

erty in custody of law subject only to decrees of the courts of the United States, probably prevents replevin of property seized by the collector of internal revenue to satisfy taxes levied against one not the owner; but the owner of the property is left free to bring any other proper action to determine the ownership and possession of the property.

In Equity. Suit by Edna Long against C. A. Rasmussen, Collector of Internal Revenue for the District of Montana, and another. Decree rendered for plaintiff.

George F. Shelton, J. Bruce Kremer, L. P. Sanders, and Alf C. Kremer, all of Butte, Mont., for plaintiff.

John L. Slattery, U. S. Dist. Atty., of Helena, Mont., for defendants.

BOURQUIN, District Judge. Plaintiff alleges she owns and is entitled to possession of certain property distrained by defendant collector of internal revenue, to make certain "distilled spirits taxes and penalties" assessed against one Wise, and she seeks to enjoin threatened sale and to recover possession.

[1] The evidence in her behalf is that the property is the furnishings of a resort or hotel conducted by her, excepting an automatic organ is owned by her, and was in her possession when distrained by defendant. This is proof of plaintiff's ownership and right of possession, and imposes upon defendant the burden to justify the seizure by a preponderance of the evidence that Wise owns the property.

[2] To that end he presents ambiguous circumstances only, viz. that Wise or his wife has some interest in the hotel building; that during plaintiff's tenancy of the building Wise once gave his address as at that hotel, had installed the automatic organ, and made payments upon it, and in 1917–1921 presented to the assessor of local taxes lists of property for taxation to Wise, including the hotel building and furnishings, which taxes were paid by him. These lists were admitted, subject to the anomalous objection that they be "taken only for what they are worth."

[3, 4] Being res inter alios acta, the better rule is that generally they are not competent evidence in actions involving title and ownership of property, and to which the list maker is not a party. In any event, the burden has not been sustained by defendant, and the finding is that at time of seizure and now plaintiff was and is owner and entitled to possession of the property. To dispose briefly of various suggestions, rather than contentions, the seizure threatening disruption of plaintiff's going business, infliction of uncertain damages, and irreparable injury, equity has jurisdiction, even as in like circumstances of wrongful attachment or execution, for that law affords no adequate remedy. See Watson v. Sutherland, 5 Wall. 79, 18 L. Ed. 580.

[5] The suit is not against the United States, but is against an individual who, as an officer of the United States in discharge of a discretionless ministerial duty, upon plaintiff's property is committing without authority, contrary to his duty, and in violation of the due process of the Constitution and the revenue laws of the United States, positive acts of trespass for which he is personally liable. See Philadelphia Co. v. Stimson, 223 U. S. 620, 32 Sup. Ct. 340, 56 L. Ed. 570;

Belknap v. Schild, 161 U. S. 18, 16 Sup. Ct. 443, 40 L. Ed. 599; U. S. v. Lee, 106 U. S. 219, 1 Sup. Ct. 240, 27 L. Ed. 171; Magruder v. Association, 219 Fed. 78, 135 C. C. A. 524. Congress has no power to grant, and has not assumed to grant, authority to the defendant collector to distrain the property of one person to make the taxes of another. Perhaps it could, were the property in possession of the taxpayer, which is not this case. See Sears v. Cottrell, 5 Mich. 253.

[6] Section 3224, R. S. (Comp. St. § 5947), that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," applies to taxpayers only, and who, thus deprived of one remedy, are given another by section 3226, R. S. (Comp. St. § 5949), viz. an action to recover after taxes paid and repayment denied by the Commissioner. Nor are they limited to this statutory remedy, but, after taxes paid, they may have trespass or other action against the collector. See Erskine v. Hohnbach, 14 Wall. 616, 20 L. Ed. 745; De Lima v. Bidwell, 182 U. S. 179, 21 Sup. Ct. 743, 45 L. Ed. 1041; Pacific Co. v. U. S., 187 U. S. 453, 23 Sup. Ct. 154, 47 L. Ed. 253.

The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws. The instant suit is not to restrain assessment or collection of taxes of Wise, but is to enjoin trespass upon property of plaintiff, and against whom no assessment has been made, and of whom no collection is sought. Note, too, the taxes are not assessed against the property. This presents a widely different case than that wherein the person assessed, or whose property is assessed, seeks to restrain assessment or collection on the theory that he or it is exempt from taxation, or that for any reason the tax is illegal.

[7] The distinction between persons and things within the scope of the revenue laws and those without them is vital. See De Lima v. Bidwell, 182 U. S. 176, 179, 21 Sup. Ct. 743, 45 L. Ed. 1041. To the former only does section 3224 apply (see cases cited in Violette v. Walsh [D. C.] 272 Fed. 1016), and the well-understood exigencies of government and its revenues and their collection do not serve to extend it to the latter. It is a shield for official action, not a sword for private aggression. There is dictum to the contrary in Sheridan v. Allen, 153 Fed. 569, 82 C. C. A. 522, but it is neither supported by the case it cites nor by any other brought to attention.

[8] Markle v. Kirkendall (D. C.) 267 Fed. 500, tends to the conclusion herein. It is not improbable that section 934, R. S. (Comp. St. § 1560), wherein it provides that property taken by an officer "under authority of any revenue law" is "irrepleviable," is in "custody of law," and "subject only to the orders and decrees of the courts of the United States having jurisdiction thereof," contemplates the instant case. The collector assumed in good faith to distrain property he believes to be the taxpayer's. If he peaceably secures possession of it (for, if not the

taxpayer's, the owner may lawfully· forcibly prevent), he is not bound to deliver it to·any chance claimant, nor is he subject to be deprived of it by replevin before trial.

The nontaxpayer owner, however, is free to bring any other proper action, the court to determine title, ownership, and possession, the collector having no power to do so, and the property "subject only to the orders and decrees of the court," to be by the court disposed of as justice requires. See In re Fassett, 142 U. S. 486, 12 Sup. Ct. 295, 35 L. Ed. 1087; De Lima v. Bidwell, 182 U. S. 180, 21 Sup. Ct. 743, 45 L. Ed. 1041. And this is the course in respect to any property in custodia legis, aside from statute.

This trial demonstrating that plaintiff owns and is entitled to posses-: sion of the property, and that the defendant wrongfully seized it to make taxes owed by Wise, justice requires that the sale be enjoined and the possession restored to her.

Decree accordingly, and with costs.