Durlach Brothers, Inc., Plaintiff and Appellee, *v.* Manuel *v.* Domenech, Treasurer of Puerto Rico, Defendant and Appellant.

No. 6323.   Argued March 8, 1934.—Decided November 15, 1934.

*Benjamin J. Horton, Attorney General, (Charles E. Winter* on the brief) and *M. Rodríguez Serra, Assistant Attorney General,* for appellant. *J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The complainant Durlach Brothers, Inc., presented a suit for an injunction against Manuel V. Domenech, Treasurer of Puerto Rico, to prevent the latter from attempting to attach or summarily sell property belonging to the complainant. The principal theory of the complaint expressly set forth is that the complainant is not a taxpayer with respect to the property whereon a tax is sought to be imposed. The appellee alleged and maintained in accordance with various decisions of the courts that the property on which the tax was sought to be imposed had no *situs* in Puerto Rico. The District Court of San Juan issued a preliminary injunction from which this appeal was taken.

Examining the assignments of error it will be seen that they do not relate to the merits of the facts set up by the complaint, but rely on questions of jurisdiction and procedure. They are as follows:

"1.—The court erred in exercising jurisdiction for the purpose of issuing the preliminary injunction, and in making the order appealed from.

"2.—The court erred in holding that the Treasurer of Puerto Rico acted in the case at bar, not as a public official of the Government of Puerto Rico, but in excess of his authority and under a supposed right which was absolutely unfounded.

"3.—The court erred in assuming that the complaint states facts sufficient to constitute a cause of action against the defendant and to justify the issuance of an injunction, whether preliminary or permanent.

"4.—The court erred in issuing a preliminary injunction *pendente lite,* without a special petition therefor from the plaintiff, based merely on the allegations of the complaint and not on facts established by proof.

"5.—The court erred in not holding that the plaintiff has an adequate and speedy remedy at law to contest the legality of the alleged unlawful acts on the part of the defendant.

"6.—The court erred in not holding that the present suit is essentially one against the People of Puerto Rico, which is the real party in interest and which has not given its consent to be sued in this case."

■■ To support the first assignment of error that the court was without jurisdiction, the appellant cites from Act No. 26, approved on the 23rd of April, 1927, (Session Laws, p. 166) forbidding injunctions, as follows:

"1.—    .  ,    .    .    .    .    .    .    .
"2.—    .    .    .    .    .    .    .    .
"3.—To restrain officers of the law from enforcing a public statute in benefit of the public.
"4.—    .    .    .    .    .    .    .    .
"5.—To restrain the discharge in a legal manner of a public or private office by the person who is holding the same.
"6.—    .    .    .    .    .    .    .    .
"7.—To present the levying or collection of any tax levied by the laws of the United States or of Porto Rico."

The appellant admits, as he must necessarily admit, that in certain extraordinary cases the courts are not prohibited from issuing injunctions, as would appear from the following: *Hill* v. *Wallace*, 259 U. S. 44. To determine whether this is or is not such an extraordinary exercise of jurisdiction brings us to consider the second assignment of error.

■ The Treasurer of Puerto Rico is not acting as a public official if he attempts to collect from any person a tax which in no possible sense the said person owes. This stands out a little clearer when it appears in the record that the tax is owed not by the petitioner in this case but by another person. The Treasurer by no law may bring suit against persons who do not owe taxes.

■ The third assignment of error is in effect a demurrer to the complaint. At least it is so in form. The defendant, however, denied certain averments of the complaint.

The latter set up that the complainant was a tobacco corporation with offices in Caguas and New York; that during the year 1924 the complainant borrowed from the Irving Bank Columbia Trust Company, a corporation organized under the laws of the State of New York, certain amounts of money and that during the said year the complainant paid to said bank interest on such loans amounting to the sum of $4,422.73; that during the year 1925 the complainant borrowed different amounts and similarly in 1926; that all these loans were made in the City of New York, State of New York, and that all the money received by the complainant by reason of such loans was delivered to the complainant in the City of New York and was employed by the complainant in the purchase and sale of tobacco in the Island of Puerto Rico and in the United States, but that all the interest paid by the complainant to the Irving Bank Columbia Trust Company was paid in New York; that the Treasurer of Puerto Rico has demanded of the complainant the payment of $132.68, $446.09 and $415.19 as taxes that the complaint should have retained in Puerto Rico for the interest paid to the Irving Bank Columbia Trust Company during the years 1924, 1925, 1926, in accordance with the provisions of the Income Tax Acts from 1921 to 1925; that these taxes were uncollectible by reason of the case of *Central Eureka* v. *Gallardo,* 42 P.R.R. 617, and *United Porto Rican Sugar Company* v. *Gallardo,* 42 P.R.R. 624, and the same case in 62 Fed. (2d) 552.

Now, the answer denies that these loans were made in New York, but it admits directly or indirectly that the Irving Bank Columbia Trust Company has its domicile and is incorporated under the laws of the State of New York. From this statement the inference arises that the said company has its *situs* in the State of New York in accordance with the decisions just cited.

During the hearing of this case the appellee suggested that the case and the facts were submitted to the District

Court of San Juan on a stipulation and asked permission to bring the latter up to this court and we reserved decision. The Treasurer appellant assumed that he had a right to investigate in each case whether the actual *situs* or what not of the property was in New York or in Puerto Rico, but it appeared sufficiently from the facts of the complaint that this personal property had its *situs* in the State of New York.

Indeed, the whole theory of the action of the Treasurer was that the complainant was the agent for the Irving Bank Columbia Trust Company. Under the facts, that the complainant had no obligation to pay those taxes appears by itself and from the citations we have made, and in addition we may quote the following: *Livingston* v. *Becker,* 40 Fed. (2d) 673; *Long* v. *Rasmussen,* 281 Fed. 236; *In re Wyoming Valley Ice Co.,* 145 Fed. 267; *Owensboro Ditcher & Grader Co.* v. *Lucas,* 18 Fed. (2d) 798.

The fourth assignment of error has been sufficiently covered by the previous considerations.

■ The fifth assignment of error sets up that the duty of the complainant was to pay taxes under protest in accordance with the laws of Puerto Rico. This provision of law applies only to people who are subject to taxes under the laws of Puerto Rico, but not to the complainant in this case.

■ Similar considerations apply to the sixth assignment of error with respect that the present suit is essentially one against the People of Puerto Rico. When an official by virtue of its office attempts to do an act like the present one, he is not proceeding in representation of the People of Puerto Rico. To protect the Treasurer as a representative of the People of Puerto Rico he must have a greater color of authority than is revealed in the case before us. *Livingston* v. *Becker, supra; Long* v. *Rasmussen, supra; Hubbard Investment Co.* v. *Brast,* 59 Fed. (2d) 709; *Kramer* v. *Central Victoria,* 38 P.R.R. 882. Naturally, in the ordinary case taxes must be paid under protest.

Resuming slightly the merits, the complainant made out a complete case that the taxes sought to be recovered were not due in any sense from the complainant Durlach Bros.

Where the facts are as clear as they are in this case, the complainant does not need to show irreparable damages other than the averments of the complaint. Irreparable damages would be the necessity for the complainant to pay taxes that at best would be due by another person.

The order appealed from should be affirmed.