NATIONAL IRON BANK et al. v. MANN-
ING, Collector of Internal Revenue et al.
Civil Action No. 9935.

District Court, D. New Jersey.
April 13, 1948.

McCarter, English & Studer and James R. E. Ozias, all of Newark, N. J., for plaintiffs.

Lindabury, Steelman & Lafferty, of Newark, N. J., for defendant Federal Trust Co.

Edgar H. Rossbach, U. S. Atty., and Roger M. Yancey, Asst. U. S. Atty., both of Newark, N. J., for defendants John E. Manning, Collector of Internal Revenue, and the United States.

MEANEY, District Judge.

This matter is presently before this court on motions by defendants, John E. Manning, Collector of Internal Revenue, and United States of America, to dismiss the complaint filed herein, on the grounds that as to both defendants, this court is without jurisdiction of the subject matter of this suit; as to defendant Manning the complaint fails to state facts upon which any relief can be granted, and as to defendant, United States, this court is without jurisdiction since there has been no consent to be sued on the part of the government.

The action was instituted by plaintiffs to restrain and enjoin the enforcement of a distraint and levy upon certain funds presently in the possession of Federal Trust Company as surviving trustee under the Last Will and Testament of Philip C. Walsh, Jr., deceased.

The complaint makes the following pertinent allegations: Federal Trust Company, a corporation of the State of New Jersey, is the surviving trustee under the Last Will and Testament of Philip C. Walsh, Jr., who died in 1922 leaving a Last Will and Testament under which defendant, Federal Trust Company, and the testator's brother, William H. Walsh, were named as executors. Under the will of the decedent it was provided that net income from his estate should be paid to his wife, Mary E. Walsh, as long as she should not

remarry. Mary Walsh is still living and has never remarried. William H. Walsh, one of the co-executors, died in 1932. Since that time the defendant, Federal Trust Company, has administered the trust as the surviving trustee.

On July 20, 1926, by an indenture dated the same day, made between Philip C. Walsh 3rd, William J. Walsh and Mary E. Walsh, as parties of the first part, and the plaintiffs as parties of the second part, Mary E. Walsh assigned to plaintiffs $3,000 of her income annually, any deficiency in one year to be made up in the next or succeeding years. The assignment was to pay the principal and interest upon a series of bonds executed by Mrs. Walsh's sons.

Due notice of the assignment was given Federal Trust Company as trustee, and, in accordance with the terms of the assignment, the trustee remitted to plaintiffs the sum of $3,000 annually until February 20, 1933, from which date no further payments have been made to plaintiffs. It is further alleged that during the period from 1933 to 1942 there was no net income and that under the terms of the assignment there accrued to plaintiffs by the end of 1942 the sum of $30,000. The complaint then alleges that in 1943 Federal Trust Company, as surviving trustee, received substantial income and after deducting its commissions and expenses, defendant Federal Trust Company held net income from the trust in the amount of $8,253.94, which sum, under the terms of the assignment, is alleged to be due and payable to plaintiffs.

An income tax claim against Mary E. Walsh in the amount of $2,429.95 was assessed for the year 1943 by John E. Manning, Collector of Internal Revenue, by reason of the income received by the trustee. That tax has not been paid and on October 16, 1946, a warrant was issued for distraint and subsequent levy was made upon the fund as monies belonging to Mary E. Walsh.

Federal Trust Company was thereafter notified that unless the tax was paid action would be taken to enforce the levy.

It is alleged finally that the monies in possession of Federal Trust Company as surviving trustee are the property and monies of the plaintiffs and not Mary E. Walsh and accordingly are not subject to distraint, levy or seizure for income taxes due and owing from Mary E. Walsh.

Motions are now before me to dismiss the complaint as to the defendant Manning on the grounds that this court is without jurisdiction of the subject matter of the suit and on the grounds that the complaint fails to state facts upon which relief can be granted against him. Motion on behalf of the United States asserts the reasons above and as an additional ground, asserts this court is without jurisdiction of defendant United States.

█ The first contention made by both moving defendants, that this Court is without jurisdiction of the subject matter of this suit, cannot be sustained.

Plaintiffs, in paragraph 4 of the complaint, specifically invoke the jurisdiction of this court on the fact that property of the plaintiffs has been taken or detained by defendant John E. Manning and by reason thereof and pursuant to section 934 of the Revised Statutes of the United States, 28 U.S.C.A. § 747,[1] the property which the plaintiffs claim belonged to them and not to the taxpayer is in custody of the law and is subject only to the orders and decrees of this court.

Defendants insist that this contention is without foundation and must fail in face of the very allegations of the complaint, wherein it is argued plaintiffs allege that unless the tax is paid "the defendants will take action against (the fund in possession of Federal Trust Company) for the enforcement of the levy theretofore made." In other words, say defendants, since the Collector of Internal Revenue has come in-

[1] Title 28 U.S.C.A. § 747 provides as follows:

"Replevy of property taken under revenue laws. All property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

to possession of nothing as a result of his levy, there can be nothing in custodia legis.

This argument is without force. Defendants overlook the fact that physical possession is not a necessary attribute to the putting of the property into the custody of the court. It would seem apparent that following the warrant of distraint the defendant Federal Trust Company was no longer free to dispose of the funds in its possession without order of this Court.

This view was expressed by the Circuit Court of Appeals for this circuit in Rothensies v. Ullman, 3 Cir., 110 F.2d 590, 591, a case similar to the one presently sub judice. In the Rothensies case a tax had been assessed against Ullman, after which a warrant of distraint issued against a joint deposit account of Ullman and his wife. On petition of Ullman and his wife the district court entered an order quashing the distraint on the ground they held the account as tenants by the entirety and such an estate under the laws of Pennsylvania cannot be attached or levied upon for an obligation of either spouse individually. An appeal was taken by the Collector of Internal Revenue.

Judge Maris in dismissing the appeal stated:

"Although the question was not raised in the district court the appellant now contends that the court was without jurisdiction to quash the warrant of distraint. Sec. 934, Rev.Stat., 28 U.S.C.A. § 747, provides * * * (See footnote p. 4). It was early held that property of a third party seized under a warrant of distraint for the payment of taxes was 'property taken or detained by any officer' within the meaning of this section. Treat v. Staples, Fed.Cas.No. 14,162, Holmes 1; Brice v. Elliott, Fed.Cas. No.1,854, 2 Wkly.Notes Cas., Pa., 560. It has been held by the Supreme Court that district courts having jurisdiction of property 'taken or detained' by revenue officers

are given power by the last clause of the section to decide claims of title and to award to the rightful owner possession of the property seized. Ex parte Fassett, 142 U.S. 479, 12 S.Ct. 295, 35 L.Ed. 1087. Such property, although seized by executive warrant, is, as the act expressly provides, 'in the custody of the law' and subject to 'the orders and decrees of the courts of the United States' having jurisdiction of the officer and the property under Sec. 24(5), of the Judicial Code, 28 U.S.C.A. § 41(5)."

That court further noted that the district court was not deprived of jurisdiction by Sec. 3653,[2] Int.Rev.Code, 26 U.S.C.A.Int. Rev.Code, § 3653, and concluded:

"We think that the section of the Internal Revenue Code (quoted in footnote below) was not intended to deprive the courts of jurisdiction to restrain revenue officers from illegally collecting taxes out of property which does not belong to the person indebted to the government. Long v. Rasmussen, D.C., 281 F. 236. It follows that the court below had jurisdiction to make the order appealed from."

A similar holding is found in Tomlinson v. Smith, 7 Cir., 128 F.2d 808, 811, a suit in which plaintiff sought to restrain the Collector of Internal Revenue from proceeding in distraint against certain property in satisfaction of taxes. Plaintiff sued in the capacity of a trustee, on the ground that he held a prior lien against the property. The defendant moved to dismiss averring that the court was without jurisdiction. The court in denying defendant's contention said in part:

"In Long v. Rasmussen, Collector, D.C., 281 F. 236, the court in construing the revenue provision in question, properly, so we think, makes a distinction between suits instituted by taxpayers and non-taxpayers. The former, so it is held, are within the scope of the inhibition, but the latter are not. * * * The restraining order, as we understand, does not interfere with the

---

[2] Section 3653 provides in pertinent part as follows: "(a) * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court" and as to a transferee that: "(b) * * * No suit shall be maintained in any court for the

purpose of restraining the assessment or collection of (1) the amount of liability, at law or in equity, of a transferee of property of a taxpayer in respect of any income, war-profits, excess-profits, or estate tax * * *."

844

right of a defendant to proceed against a taxpayer or the one from whom the tax is alleged to be due. It merely restrains defendant's activities as to property on which the plaintiff has acquired a prior lien. * * * Our holding in this respect is, of course, predicated upon the issue raised by defendant's motion to dismiss. Whether the plaintiff, upon final hearing, can establish his prior lien, so as to entitle him to a permanent injunction, is a matter for the further consideration of the District Court."

The cases cited and quoted above amply establish the jurisdiction of this court and, incidentally, are applicable to defendant's argument on these motions that plaintiffs have failed to state facts upon which relief can be granted. Further reference to the latter arguments will be made infra.

■ The fact that plaintiff's claim as the equitable, rather than as legal, owners of the money, does not weaken the soundness of their position in their suit to quash the distraint upon property alleged not to belong to the tax payer. Compare Hubbard Inv. Co. v. Brast, 4 Cir., 59 F.2d 709; Glenn v. American Surety Co., 6 Cir., 160 F.2d 977.

■ Defendant, United States of America, contends next that as to it, the court is without jurisdiction. In support defendant cites the well established rule that the sovereign is not subject to its courts except as is consents to be.

Such consent, however, is precisely found by Act of Dec. 2, 1942, 56 Stat. 1026, 28 U.S. C.A. § 901 et seq. Sec. 1 thereof as amended now provides:

"Upon the conditions herein prescribed for the protection of the United States, the consent of the United States is given to be named a party in any suit which is now pending or which may hereafter be brought in any United States district court * * * to quiet title to or for the foreclosure of a mortgage or other lien, upon real estate or personal property, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises or personal property involved."

The applicability of this section to the instant proceeding is amply illustrated by the decision in the case of Jones, Collector, v. Tower Production Company, 10 Cir., 138 F.2d 675, 677. That action was initially instituted to enjoin the Collector from enforcing an asserted lien upon property claimed to be owned by one, Wofford, which property the plaintiff claimed was owned by it. A decree was entered enjoining the collector and on appeal the court said:

"The real purpose of the action was to secure an adjudication that the beneficial title to an undivided one-half interest in the leases never vested in Wofford and that the tax lien of the United States never attached thereto. It was not a simple case where a Collector seeks to collect by distraint the taxes of one person out of the property of another.

"There was a real controversy, presenting substantial issues of law and fact, respecting the title to an interest in the leases and the funds and the claim that the lien of the United States attached thereto. It was necessary to determine that controversy before the relief sought could be granted. It was, in substance, an action to determine title and the rights of the United States under a tax lien asserted by it against such interest and the funds. Upon the issues thus presented the United States was entitled to be heard. The question of whether a suit is against the United States is not to be determined by the mere nominal party on the record, but by the issues presented and the effect of the judgment which can be entered in response to those issued. * * * We conclude that it was a suit against the United States.

"The United States now can be made a party to the action under the Act of December 2, 1942 and the rights of Tower and the United States can be fully adjudicated and a binding decree entered."

The words of the court quoted above find equal application in the present proceeding. The United States is accordingly properly a party to this action and defendant's motion to dismiss as to it, is denied.

■ The final contention made by both defendants to these motions is that the complaint fails to state facts upon which any relief can be granted against either.

This contention similarily is without merit and cannot be sustained. Defendants, in their brief, argue that while it is conceded that the prohibitions contained in title 26 U.S.C.A. Int.Rev.Code, § 3653, supra, do not include a suit brought by a third party to restrain the Collector from levying on property belonging to the third party to satisfy the tax liability of another (Jones v. Kemp, 10 Cir., 144 F.2d 478, 480; Long v. Rasmussen, D.C., 281 F. 236; Rothensies v. Ullman, supra), the instant suit is not such an action. It is argued that the complaint does not allege a levy upon any property of the plaintiffs, the only levy mentioned being upon the property of Mary E. Walsh, which is in the hands of the Federal Trust Company.

Examination of the allegations of the complaint, however, fails to support this contention. As noted hereinbefore, paragraph 4 invokes the jurisdiction of this court "upon the fact that property of the plaintiff 'has been taken or detained' by defendant John E. Manning * * *."

Again in paragraph 17 of the complaint the allegation is that defendant Manning issued a warrant for distraint and subsequently levied "upon the aforesaid monies in the possession of Federal Trust Company, surviving trustee as aforesaid, as monies belonging to said Mary E. Walsh * * *." And finally in paragraph 19 of the complaint the plaintiffs allege that the monies "are the property and monies of the plaintiff's and not the said Mary E. Walsh and are not subject to distraint, levy or seizure by defendants * * *."

In the face of these and other allegations of the complaint and of the cited decisions, supra, there is a sufficient averment of facts upon which relief might be granted against both defendants. Such relief is dependent, of course, on whether upon trial of the issues, plaintiffs can establish their lien as prior to that of the defendants so as to entitle them to the permanent injunction they seek.

The motions, accordingly, are denied. An order may be submitted in accordance with the conclusions above.