**Anna TAMBURRI, Plaintiff,**

v.

**James J. GRAHAM, individually and as Director of Internal Revenue, Defendant.**

Civ. No. 4456.

United States District Court, D. Connecticut.

Oct. 22, 1953.

Sidney S. Heiberger, New Haven, Conn., for plaintiff.

Adrian W. Maher, U. S. Atty., Edward J. Lonergan, Asst. U. S. Atty., Hartford, Conn., for defendant.

SMITH, Chief Judge.

Plaintiff sues to invalidate a tax lien and restrain defendant Director of Internal Revenue from levying on her real property.

Defendant moves to dismiss the action as barred by 26 U.S.C. § 3653.

Literally interpreted the statute bars the action. The courts have, however, granted relief in spite of the wording of the statute in a class of cases where irreparable injury was threatened and no adequate remedy at law existed. Midwest Haulers v. Brady, 6 Cir., 128 F.2d 496; Long v. Rasmussen, D.C.Mont., 281 F. 236; Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247.

These cases are typically ones where levy would destroy a going business or the tax is plainly illegal, and no adequate remedy exists because of some exceptional circumstances.

In the case at bar the circumstances relied on are plaintiff's blindness and dependence in large part for support on income from real estate levied on.

The application of the tax depends on the factual issues of plaintiff's actual control or direction of a corporation's actions, she being admittedly majority shareholder and president of the corporation.

Those issues can as well be determined in an action to recover the tax as in this action for injunction. The property upon which the levy is made is not shown to be of a unique nature nor indispensable to some going business which would be damaged beyond the value of the property levied. Nor is plaintiff levied on as a transferee, but rather as a taxpayer responsible for the penalty for failure of the corporate taxpayer to pay the tax.

No sufficient ground is shown to remove the bar of the statute.

The motion to dismiss is granted.