**D. T. HORVITZ and Esther Horvitz, Doing Business as Horvitz Motor Sales and Service, Now for the Use of First Credit Corporation, Plaintiff,**

v.

**Stanley GRANGER, Collector of Internal Revenue for the Twenty-Third Collection District of Pennsylvania, Defendant.**

Civ. A. 9975.

United States District Court
W. D. Pennsylvania.

Aug. 15, 1955.

David R. Levin, Irwin M. Ringold, Pittsburgh, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

This is an action to recover $686.55, plus interest, the alleged value of a 1949 Dodge truck which was allegedly sold by defendant without legal authority. The defendant filed an answer denying liabil-

958

ity. The case was tried by the court without a jury. At the conclusion of the evidence, plaintiff moved to add the United States as a party defendant. This request was objected to by the defendant and taken under advisement by the court.

Plaintiff alleges that this court has jurisdiction of the cause under 28 U.S.C.A. § 1346(a) (2).

The facts are generally undisputed and may be summarized as follows:

In August 1949, the real plaintiff, First Credit Corporation, financed the purchase of a new 1949 Dodge express body truck for one Saul Brourman. This truck was purchased by Brourman from Horvitz Motor Sales and Service (hereinafter called Horvitz). Horvitz was engaged in the sale of Dodge cars and trucks. A bailment lease agreement on the truck was executed by Brourman and Horvitz in the sum of $1,267.64, under which agreement Horvitz leased the truck to Brourman. The agreement was assigned by Horvitz to plaintiff, by whom it was discounted. A certificate of title to the truck was issued by the Department of Revenue of the Commonwealth of Pennsylvania in the name of Brourman, showing an encumbrance in favor of plaintiff. In November 1950, Brourman was indebted to the plaintiff under the agreement in the sum of $686.55. Brourman was to keep possession of the truck at his address as specified in the lease agreement, was to keep the truck insured and in good condition, natural wear and tear excepted, and at the conclusion of the lease Brourman could purchase the truck without making additional payments. The truck remained in the possession of Brourman, who retained the registration card. The certificate of title was held by plaintiff pending satisfaction of the encumbrance.

In November 1950, distraint warrants were issued by the Collector against Brourman for outstanding and unpaid taxes assessed, under Int.Rev.Code of 1939, § 3690, 53 Stat. 451, 26 U.S.C.A. § 3690. Certain personal property allegedly belonging to Brourman was seized by the Collector and advertised for sale at public auction under Int.Rev.Code of 1939, § 3693, 53 Stat. 452, 26 U.S.C.A. § 3693. On November 20, 1950, the Collector purported to sell this property, including the 1949 Dodge truck, at public auction to one Swartz for $2,605. A certificate of sale issued to Swartz transferred to him the right, title and interest of Brourman in all of the property sold. The price was paid for all of the property sold, no designated portion being allowable to the truck. The amount of taxes for which the property was sold was approximately $5,000. Neither the Collector nor his representatives knew of the existence of plaintiff's interest in the truck until after the sale. There is no evidence in the record as to whether the plaintiff has taken any steps to repossess the truck from Swartz.

David Horvitz, whose company serviced the truck, but who admitted he had no personal knowledge of its condition, testified that standard values of trucks of this character had a minimum value of $750, but that this was dependent on the condition of the trucks.

Plaintiff does not challenge the legality or regularity of the distraint proceedings instituted to collect the tax.

Prior to the tax sale, defendant's agents examined county records to ascertain whether there was any record of encumbrances on the truck. No encumbrances were found because there is no provision under the law of Pennsylvania for recording bailment leases in county offices. No inquiry was made at the Pennsylvania Bureau of Motor Vehicles as to the existence of any interests in the truck, although such inquiry is necessary to any effective search of motor vehicle titles in Pennsylvania. However, Int.Rev.Code of 1939, § 3693(a), supra, requires only that an account of the goods distrained should be left with the owner *or possessor* of such goods.

██ Moreover, even if the taxpayer's interest in the truck had been improperly sold, the government has not sold any interest of plaintiff in the truck. The only interest in the truck which the tax

sale affected was the interest of the taxpayer, *i. e.* the bailment lessee of the truck. See Int.Rev.Code of 1939, § 3697 (b), 53 Stat. 453, 26 U.S.C.A. § 3697(b); Mansfield v. Excelsior Refining Co., 1890, 135 U.S. 326, 10 S.Ct. 825, 34 L.Ed. 162; Sheridan v. Allen, 8 Cir., 1907, 153 F. 568. Therefore, whatever the respective interests of the lessor and of plaintiff may have been in the truck, the latter were not affected by the tax sale.

The bailment lease agreement provided that the truck was to be kept at 202 Barbeau Street, Pittsburgh, Pennsylvania. Therefore, plaintiff contends that defendant had no right to transfer possession of the truck to the tax sale buyer. The lease agreement contained no specific agreement as to what should happen if the truck were not kept at 202 Barbeau Street, Pittsburgh; it did provide that the lessor should have an option to repossess the truck if it were "removed from the state where it is first kept by Lessee." The evidence does not indicate whether the truck has ever been removed from Pennsylvania.

However, even if it may be assumed that plaintiff's interest in the truck included the right to designate where the truck should be kept, or to require that it be kept at 202 Barbeau Street, defendant cannot be charged with invading that right by means of the tax sale. As noted above, defendant could not and did not transfer any right or interest of plaintiff in the truck.

It follows that plaintiff's action must fail, even if the motion to add the United States as a party defendant were to be granted.

An appropriate order is entered.