Harry PARGAMENT, Plaintiff,

v.

Edward J. FITZGERALD, Jr., as District Director of the Manhattan District, Internal Revenue Office and the United States of America, Defendants.

No. 67 Civ. 315.

United States District Court
S. D. New York.

June 20, 1967.

**554**

Robert Barko, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Robert B. Hering, Asst. U. S. Atty., of counsel, for defendant.

## MEMORANDUM

TENNEY, District Judge.

It would appear from the complaint herein that on or about April 17, 1958, P & V Interiors, Inc., executed and delivered to plaintiff a purchase money chattel mortgage in the sum of $15,000 payable in $100 weekly installments covering all the machinery, fixtures, plant and office equipment of a wood-working plant purchased on that date by P & V Interiors, Inc., in a store and loft at 35 Howard Street, New York City, which chattel mortgage was filed in the Office of the Register of New York County on May 6, 1958. Some time thereafter, P & V Interiors, Inc., moved its plant and equipment to 112 Lincoln Avenue, Bronx County, New York, and when the removal was called to plaintiff's attention he filed a renewal notice of the chattel mortgage with the Register of Bronx County on January 5, 1961. The balance then due on the chattel mortgage was $9,975 plus interest.

Apparently P & V Interiors, Inc., became delinquent with respect to its federal taxes; its plant and equipment were seized, advertised for sale on November 29, 1961, and sold at public auction on December 11, 1961 for $500 pursuant to said advertisement of November 29, 1961. Plaintiff complains that the District Director of Internal Revenue failed to give him notice of the proposed sale, plaintiff having learned of the sale from P & V Interiors, Inc.

However plaintiff was represented at the auction sale by an attorney and his office manager "who loudly announced and proclaimed that the plaintiff held a chattel mortgage for approximately $10,000 on the plant and machinery" (Compl. ¶ 14). Plaintiff had authorized his representative to bid as high as $500 subject to the chattel mortgage. Presumably plaintiff was outbid or his representatives did not follow his instructions. According to plaintiff, the Internal Revenue Service sold out the plant for a small amount (slightly over $500) and "rode roughshod" over his rights. Furthermore, he alleges that although his representatives demanded the name and address of the purchaser, the Internal Revenue Service, at the request of the purchaser, refused to furnish such information. Thereafter, and some ten months later, plaintiff's attorney wrote the Bronx Office of the District Director requesting the name and address of the purchaser, but received no reply and apparently took no further steps so far as defendants are concerned until January 22, 1965, more than three years after the sale. At that time, plaintiff's attorney again wrote the Bronx Office, asking for the purchaser's address without success, but learned that all files over three years' old had been destroyed. Finally, in February or March of 1965, plaintiff's attorney ascertained the purchaser's name from the New York District Office. However, all efforts to locate the purchaser have failed. Plaintiff claims that the allegedly wrongful "carelessness, neglect, refusal and failure" of the defendants "to keep proper records and timey disclose the name and address of the purchaser" caused plaintiff damages in the sum of $9,975 plus interest. He further charges a conspiracy between the defendants and the purchaser to prevent enforcement of his mortgage.

Defendants move herein pursuant to Rule 12(b) of the Federal Rules of Civil

Procedure to dismiss the complaint for lack of jurisdiction of the subject matter of the action and over defendants, and for failure to state a claim upon which relief can be granted. Plaintiff has cross-moved for summary judgment.

Plaintiff's basic complaint is that he never received notice of the federal tax sale nor was he able to learn from defendants the name and address of the purchaser at the sale.

 The law governing the manner of the sale of property seized pursuant to federal tax levies, however, clearly requires that in addition to the required publication of sale, written notice of seizure and sale be served only upon "the owner of the property (or, in the case of personal property, the possessor thereof) * *. *." Int.Rev.Code of 1954, § 6335 (a); see id. at § 6335(b). Plaintiff was not entitled to any notice other than the required notice by publication inasmuch as he was neither the owner nor the possessor of the property involved herein. As stated in Bartell v. Riddell, 202 F.Supp. 70, 76 (S.D.Cal.1962), "There is nothing whatever to suggest that these particular notice requirements were intended to protect * * * third parties * * *." See also Horvitz v. Granger, 134 F.Supp. 957, 958 (W.D.Pa.1955).

 Moreover, plaintiff cannot claim injury from his failure to receive formal notice of the sale since he received notice of the sale from the owner of the property and had representatives in attendance who notified those present of plaintiff's chattel mortgage.

 Plaintiff's complaint regarding failure of defendants or their agents to furnish him with the name and address of the purchaser at such sale assumes that he had a legal right to have such information furnished by the defendants. However, the only requirement relating to the maintenance of records of the names and addresses of purchasers at tax sales is limited to sales of real property. Int.Rev.Code of 1954, § 6340. There is no requirement that a record of the names and addresses of purchasers of personal property at such tax sales be kept, much less that such information be furnished to any third party who may request it.

 Plaintiff's claim that the sale of the property for a small amount violated some legal right of plaintiff's, arising from the alleged fact that the taxpayer had an offer to purchase the plant and machinery for a much higher amount, is clearly without merit. Film Truck Serv., Inc. v. Nixon, 216 F.Supp. 77 (E.D.Mich.1963). Plaintiff overlooks the fact that the only interest that can be seized and sold by virtue of a federal tax levy is the interest of the taxpayer; and that if such interest is subject to valid prior liens or claims the property sold is still encumbered by such prior liens after the tax sale. Int.Rev.Code of 1954, § 6331; id. at 6339, as amended, 72 Stat. 1662 (1964). Plaintiff's senior chattel mortgage, if valid, was simply not affected by the seizure and sale of the taxpayer's interest in the property involved. Mansfield v. Excelsior Ref. Co., 135 U.S. 326, 10 S.Ct. 825, 34 L.Ed. 162 (1890); Horvitz v. Granger, supra.

 Moreover, it is clear that plaintiff is in no position to claim damages against the defendants herein in view of the fact that his own neglect is the reason for the non-enforcement of his chattel mortgage. Plaintiff apparently took no steps to protect his interest even though, according to plaintiff, the purchaser of the property refused to identify himself and, it appears, defaulted in the monthly payments due under the terms of the chattel mortgage. On January 5, 1961, the balance owing on the chattel mortgage was $9,975.00 plus interest. According to the damages sought in the complaint, it is still owing. It seems apparent there was a default prior to the tax sale and that plaintiff neglected to protect his rights. Accordingly, plaintiff has failed to state a claim upon which relief can be granted.

 Furthermore, it would not appear that this Court has jurisdiction over the defendant United States of America which, as a sovereign, is immune from

suit except as specifically authorized by federal statute. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940).

The first count of the complaint seems to set forth a claim in tort for negligence. The only conceivable authority for such a suit would be the Federal Tort Claims Act, the basic provisions of which are now set forth in Title 28 U.S.C. § 1346. That statute gives federal courts

> "exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

However, Title 28 U.S.C. § 2680(a) states

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> > (a) Any claim based * * * upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

Furthermore, Title 28 U.S.C. § 2680 states

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> > (c) Any claim arising in respect of the assessment or collection of any tax * * *.

Since, as has been shown, the Internal Revenue Service had no duty to maintain a record, or furnish the name and address, of a purchaser of personal property at a tax sale, it is not necessary to determine whether any action or nonaction on its part with respect to such information was discretionary. Chambers v. United States, 107 F.Supp. 601, 602–603 (D.Kan.1952). The failure to act, even if action was mandated, was "immediately related to defendant's acts as a discretion possessing officer of government * * *." Babylon Milk & Cream Co. v. Rosenbush, 233 F.Supp. 735, 736 (E.D.N.Y.1964).

■ The legal theory alleged in the second count of the complaint is, at best, obscure. Therein plaintiff alleges that "the defendant District Director of Internal Revenue, his servants, agents and employees conspired with Emanuel Mass, the purchaser at the Tax Sale to prevent the plaintiff from enforcing his chattel mortgage. * * *" Since conspiracy itself is not a civil wrong, the only theory contemplated by such an allegation would appear to be tortious interference with contract rights. However, the United States is immune from such a suit. Title 28 U.S.C. § 2680(h) states in part:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> > (h) Any claim arising out of * * * interference with contract rights.

■ Finally, plaintiff has failed to allege the grounds upon which the Court's jurisdiction depends, as specifically required by Rule 8(a) (1) of the Federal Rules of Civil Procedure.

Accordingly, for the reasons hereinbefore stated, plaintiff's motion for summary judgment is denied and the complaint is dismissed with prejudice.

So ordered.