QUESTIONS: 1. Does the levy upon the sale of personal property by the Internal Revenue Service extend to all liens for taxes? 2. Does the publication of notice of sale in the newspaper on the recording of a federal lien in the office of the clerk of the circuit court constitute sufficient notice to other taxing authorities requiring us to come forward at the time of sale to protect our lien?
SUMMARY: The relative priority ranking of competing Internal Revenue Service liens and county tax liens determines whether the enforcement of one lien extinguishes the other. Priority of competing governmental tax liens on tangible personal property is determined by the principle of "first in time is first in right." A county tax lien on personal property will have priority over an IRS lien if the county lien becomes choate prior to the assessment of tax by the IRS. The sale of personal property by the IRS pursuant to an inferior lien would have no effect on the continued viability of the county's lien. If the IRS lien is superior, the county lien would be extinguished as to that property. The notice of sale has no effect on the county's substantive rights under its lien. You have indicated in your letter that the Internal Revenue Service (IRS) has levied upon personal property to sell the same in order to recover delinquent federal taxes. On this same property exists a lien for taxes in favor of the county. You have also indicated that, in the past, the IRS has stated that since they attach the property first, that would extinguish the county's tax lien. Federal law determines the priority of such competing liens on property to which tax liens have attached. Aquilino v. United States, 363 U.S. 509, 514 (1960). The Internal Revenue Code of 1954, s. 6321 establishes a lien in favor of the United States upon the property, real and personal, of a delinquent taxpayer. Since the property in question is personal rather than real, the "superpriority" afforded local tax liens on real property is inapplicable. Internal Revenue Code of 1954, s. 6323(b)(6). The general rule is that, in the absence of controlling federal statutes, the relative priority between competing federally created tax liens and state or local tax liens is determined by the rule that "first in time is first in right." United States v. New Britain, 347 U.S. 81 (1954); United States v. Roessling,280 F.2d 933 (5th Cir. 1960). In order for a lien of ad valorem taxes on personal property to prevail over an IRS lien, the local lien must have become choate prior in time to the assessment date of the federal lien. Internal Revenue Code of 1954, s. 6323(a); City of Dallas, Texas v. United States, 369 F.2d 645 (5th Cir. 1969); United States v. New Britain, 347 U.S. at 84. Section 6323(a) of the Internal Revenue Code provides that IRS liens against some parties, judgment lien creditors for example, are dated from the date notice of the IRS lien is filed rather than the date of assessment. Although s. 197.092, F.S., provides that all taxes assessed upon tangible personal property shall have all the force of a judgment, the courts have held that such statutes do not give a state or local taxing authority the status of a judgment creditor as that term is used in s. 6323(a), supra. United States v. Gilbert Associates, 345 U.S. 561 (1953); United States v. Zuetell, 138 F. Supp. 857 (S.D.Cal. 1956). Standards for choateness of a state or local lien are the same as those applicable to liens of the United States asserted under s. 6321 of the Internal Revenue Code: Establishment of the identity of the lienor; the property subject to the lien; and the amount of the lien. United States v. Equitable Life Assur. Society of the United States, 384 U.S. 323, 327-328 (1966); United States v. First Nat. Bank Trust Co. of Fargo, N.D., 386 F.2d 646, 647-648 (8th Cir. 1967). The choateness of a state or local lien as against a federal lien is a federal question and a characterization by a state of a lien as specific and perfected is not conclusive as against the United States in determining the relative priority of a lien asserted by the latter. United States v. New Britain,347 U.S. at 84; United States v. Acri, 348 U.S. 211 (1955). In Streeter Bros. v. Overfelt, 202 F. Supp. 143 (D. Mon. 1961), a Montana statute similar to the Florida lien statutes (ss. 192.056 and 192.053, F.S.) provided for assessment of taxes on the first Monday in March with the lien also attaching as of that date, but with the rate of tax not being determined until at least the second Monday in August when the board of county commissioners met to fix the amount of the county taxes necessary and to designate the millage. The court held that since the amount of the lien was not known until this date, the lien did not become choate until then at the earliest. See also City of Dallas, Texas v. United States, supra; cf. United States v. Vermont, 377 U.S. 351 (1964). Thus, for federal purposes, an ad valorem tax lien on personal property does not become choate until such time as the amount of taxes is actually known. This point may not occur until the tax roll is actually certified to the tax collector. See Gauthier v. Town of Crescent City, 189 So. 842 (Fla. 1939). It is the nature and relative rank of the respective liens which determines whether or not the enforcement of one destroys the other and not the priority of the enforcement itself. United States v. Boyd,246 F.2d 477, 483 (5th Cir. 1957); United States v. Roessling,280 F.2d at 935. If the IRS lien is superior to the county's lien for taxes then the sale of the subject personal property pursuant to s. 6335 of the Internal Revenue Code would extinguish all prior liens. Coin Machine Acceptance Corporation v. Morgenstern,232 So.2d 423 (3 D.C.A. Fla., 1970). Section 6339(c) of the Code provides: (c) Effect of Junior Encumbrances. — A certificate of sale of personal property given or a deed to real property executed pursuant to section 6338 shall discharge such property from all liens, encumbrances, and titles over which the lien of the United States with respect to which the levy was made had priority. However, Regulation s. 301.6342-1(b) provides: (b) Surplus proceeds. — Any surplus proceeds remaining after the application of paragraph (a) of this section shall, upon application and satisfactory proof in support thereof, be credited or refunded by the district director to the person or persons legally entitled thereto. The delinquent taxpayer is the person entitled to the surplus proceeds unless another person establishes a superior claim thereto. If there are any surplus proceeds from the sale, then the county should be able to claim them. It should also be recognized that if there are no surplus proceeds available or if the surplus proceeds are insufficient to satisfy the lien, then the county would still have a lien for the unsatisfied amount in the other personal property of the taxpayer. Section 197.056(1), F.S., provides: All personal property tax liens, to the extent that the property to which the lien is applicable cannot be located in the county or to which the sale of the property is insufficient to pay all delinquent taxes, interest, fees, and costs due, shall be liens against all other personal property of the taxpayer within that county. See also s. 197.106(3), F.S. If the IRS lien is inferior to the county's lien for taxes then the sale of tangible personal property would not reach the paramount lien of the county. The Regulations adopted pursuant to the Internal Revenue Code recognize the viability of superior liens subsequent to a sale: Reg. s. 301.6335-1(c)(4)(iii)-Condition of title and of property — Only the right, title, and interest of the delinquent taxpayer in and to the property seized shall be offered for sale, and such interest shall be offered subject to any prior outstanding mortgages, encumbrances, or other liens in favor of third parties which are valid as against the delinquent taxpayer and are superior to the lien of the United States. See also Pargament v. Fitzgerald, 272 F. Supp. 553 (S.D.N.Y. 1967) aff'd 391 F.2d 934
(2nd Cir. 1968). Thus, the lien of the county continues in the property into the hands of the purchaser, but is not a personal liability of either the delinquent taxpayer or the purchaser. Bloxham v. Consumers' Electric Light St. R. Co., 18 So. 444, 447
(Fla. 1895); Faber, Coe Gregg of Florida, Inc. v. Wright,178 So.2d 51 (3 D.C.A. Fla., 1965); s. 197.056(1), F.S., supra. The court in Faber, Coe Gregg of Florida, Inc. quoted extensively from an opinion of one of my predecessors in office, AGO 055-47: "In the absence of a statute to the contrary, a tax lien which has become attached to personal property follows it into the hands of a purchaser, even though he is a purchaser for value without notice" [(See) 84 C.J.S. 1196, s. 593]. This rule is doubtless subject to the property in question being followed into the hands of such purchaser and being identified for the purpose of seizure and sale. The lien appears to be against the property subject to it and we find nothing in the Florida statutes extending the tax liability to any other property, although it may have been exchanged or purchased with the property against which the lien attached. "The purchaser, however, incurs no personal liability for taxes assessed against his seller, even though he takes subject to lien for their payment. The lien is the only charge against him and extends only to the property bought; it does not attach to any other goods he may possess or acquire. Moreover, the lien is only against the specific property in the hands of the purchaser. . . ." [(See) 51 Am. Jur. 885, s. 1013.] See also AGO 058-104.
As indicated previously, the county may be able to reach any surplus proceeds of the sale or enforce its lien against the other personal property of the taxpayer. In the event of bankruptcy or insolvency coupled with an act of bankruptcy by the delinquent taxpayer, s. 64(a) of the Bankruptcy Act [11 U.S.C. § 104(a)] and 31 U.S.C. § 191 should be checked for their effort upon any priorities. The notice of sale referred to in your second question is for the benefit of the taxpayer and all parties interested in the sale; however, it has no effect on your substantive rights under the lien. As indicated in the foregoing discussion, a superior lien of the county cannot be divested by a sale conducted by a junior lienor. Although it is the responsibility of any purchaser to know of any delinquent taxes due on property to be purchased [s. 197.056(1), supra], in the interest of fairness, and especially if it appears that this is the only property subject to satisfying the lien, the tax collector should, as you indicated you have done, appear and give notice of the superior lien at the sale so that the purchasers may bid accordingly and so that the collector will know who purchased the property. See Pargament v. Fitzgerald, supra. If the county's lien is inferior, it cannot be protected and the only recourse would be as previously discussed.