**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**S. M. SAGE, trustee in bankruptcy for
Guy O. Foss, Defendant-Appellants,**

**National Bank of Commerce of Seattle
and John Maddex,
Defendant-Appellees.**

No. 75–1316.

United States Court of Appeals,
Ninth Circuit.

Dec. 30, 1977.

Rehearing Denied Jan. 26, 1978.

Gerald C. Smith, of Fitzgerald, Abbott & Beardsley, Oakland, Cal., Bruce T. Thurstoj, of Ritchie & Thurston, Seattle, Wash., for defendant-appellants.

John Maddex, pro se.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

This is an action in interpleader brought by the United States to determine the rights of John Maddex and of S. M. Sage, trustee in bankruptcy for Guy O. Foss. Each claims the surplus proceeds of about $7,500 from the tax sale of Foss's yacht "Princess Mary," sold by the Internal Revenue Service to Maddex for $27,500, pursuant to 26 U.S.C. § 6335.

The government's tax lien was junior to a mortgage held by Marc Venable. Maddex paid $15,000 to Venable to discharge the senior mortgage, and $27,500 to the government, out of which the IRS satisfied its tax lien and paid the costs of sale, totalling together about $20,000. Maddex claims the $7,500 surplus, arguing that he received an "assignment" of the senior mortgage from Venable and that the senior mortgage is next in line for satisfaction. Foss's trustee in bankruptcy claims the surplus as the remaining owner's equity. The district court found for the purchaser Maddex. We reverse.

Any surplus proceeds remaining after a levy and sale pursuant to 26 U.S.C. § 6335 are to be paid to the "person or persons legally entitled thereto." 26 U.S.C. § 6342. According to 26 C.F.R. § 301.6342–1, this means "the delinquent taxpayer unless another person establishes a superior claim."

Foreclosure affects the rights of all mortgagees junior to the foreclosing mortgagee and requires them to look to the proceeds for satisfaction, but it has no effect whatso-

ever upon the interest of senior mortgagees such as Venable. *Mansfield v. Excelsior Ref. Co.*, 135 U.S. 326, 10 S.Ct. 825, 34 L.Ed. 162 (1890); *Pargament v. Fitzgerald*, 272 F.Supp. 553, 555 (S.D.N.Y.1967); *Horvitz v. Granger*, 134 F.Supp. 957, 959 (W.D.Pa. 1955). Any surplus after both the foreclosing and junior mortgagees are satisfied goes to the owner of the equity of redemption. R. Powell, *The Law of Real Property* § 467 (1977). The above regulation embodies the ancient rule that "upon sale under a junior mortgage, the surplus belongs to the mortgagor, and is not applied to the satisfaction of the prior mortgage; for the equity of redemption which was sold belongs to the mortgagor, and the presumption of the law is, that the purchaser of it only pays for its worth in excess of the prior mortgage debt." L. Jones, *Law of Mortgages* § 2186 (1928).

Thus if Maddex had not paid off the senior mortgage, he would have paid $27,-500 for the yacht and held it subject to the $15,000 senior mortgage. *See Mansfield v. Excelsior Ref. Co., supra; Pargament v. Fitzgerald, supra; Horvitz v. Granger, supra.* The senior mortgagor would look to the yacht for satisfaction. The effect of rewarding Maddex with the $7,500 surplus would be to reduce his price for the yacht, free of encumbrances, from $42,500 to $35,-000. In sum, the existence of the senior mortgage, its discharge by Maddex and its "assignment" to him are simply irrelevant to the disposition of the proceeds of the sale.

Following 26 U.S.C. § 6342, as well as the chancellors of old who created the equity of redemption, we hold that Sage, the trustee in bankruptcy, is entitled to the surplus.

REVERSED.